# Philadelphia *versus* Lockhardt, to the use of Pyle & Hansell.

73   211
137   324
73     211
19 SC ³264

1. A contract for building a school-house in Philadelphia was made in the name of The Controllers of Schools, signed by the Mayor, under the corporate seal; it, with the sureties for its performance, was approved by ordinance of councils, and payments made on account of it. *Held*, that the city was estopped from denying that she was a party to the contract.

2. The contractor assigned the contract. *Held*, that the assignment was not within the Act of May 28th 1715, relating to assignment of bonds, &c.

3. An executory contract may be assigned before performance has been begun, or anything be due on it, and although the debtor be a municipal corporation.

4. Notice of the assignment given to the Board of School Controllers was notice to the city.

5. Notice to an agent, bound, in the discharge of his duty, to act upon it and to communicate it to his principal, is notice to the principal.

6. Danville Bridge v. Pomroy, 3 Harris 151, recognised.

February — 1873. Before READ, C. J., SHARSWOOD, WILLIAMS and MERCUR, JJ. AGNEW, J., at Nisi Prius.

Error to the District Court of *Philadelphia*: No. 433, to January Term 1871.

This was an action of debt, brought February 5th 1870, by George W. Lockhardt to the use of Pyle & Hansell against the City of Philadelphia. The claim was for a balance due for build-

ing a public school-house under a contract of Lockhardt with the controllers of public schools, in the First District of Pennsylvania, the claim having been assigned to Pyle & Hansell before anything was done.

The case was tried February 23d 1871, before Thayer, J.

The plaintiff offered in evidence an agreement dated October 8th 1867, between the controllers of public schools of the first district, &c., and Lockhardt, by which Lockhardt agreed to build a school-house according to certain specifications, on Wood street above Eleventh street, in consideration of which the controllers agreed to pay him $13,700 in six payments; the last being $4566.70 to be paid when the house should be finished, possession given and the contract fully complied with. The agreement was signed by "Morton McMichael, Mayor of Philadelphia," and sealed with the corporate seal of the city.

The defendant objected to the offer on the ground that the contract was not in the name of the city. The offer was admitted and a bill of exceptions sealed.

The plaintiff also offered in evidence the following assignment :

"*Know all men by these presents*, That I, George W. Lockhardt, of the city of Philadelphia, builder, do hereby authorize and empower Edw. H. Pyle and Edmund M. Hansell, trading under the firm of Pyle & Hansell, of the same place, as my true and lawful attorney, for me and in my name to receive from the proper officer of the Board of School Controllers, all moneys or warrants that are due, or shall become due to me upon any contract for the erection of the school building on the north side of Wood street, west of Eleventh street, in the Fourteenth Section, and I do hereby agree that this writing shall operate as an assignment of said warrants to said Pyle & Hansell, so that it cannot be revoked or recalled without their consent, the same being made and executed upon good and valuable consideration received by me of them.

"Witness my hand and seal, October 12th 1867.

GEORGE W. LOCKHARDT."

This was objected to, admitted and a bill of exceptions sealed.

The plaintiff gave evidence that the building was finished in the early part of 1868; it was accepted by the city, and occupied by it ever since.

Hansell, one of the plaintiffs, testified that he had furnished all the lumber for the school-house on the faith of the assignment ; he accepted orders, and acted as trustee for all the mechanics and material-men ; he got the money on five instalments ; they were paid by Mr. Halliwell, secretary of the board of school control ; Halliwell signed the warrants ; he had notice of the assignment ; knew all about it, and that others were doing work on the school-house on the strength of it ; witness informed the board of

[Philadelphia *v.* Lockhardt.]

control at a meeting that plaintiffs had the assignment; Halliwell said they had a full release of liens; witness saw Mr. Green, chairman of the committee on city property, and explained the whole thing to them; plaintiffs received city warrants on orders from Lockhardt, who generally met plaintiffs at the school controllers' office when they went for the warrants.

W. B. Robbins, Esq., the attorney for the plaintiffs, testified that on the 22d of March 1869, he gave notice of the assignment to the city solicitor, and on the 9th of April 1869, he sent to the board of school controllers a copy of the assignment; Halliwell afterwards gave the warrants to Lockhardt; two warrants amounting to $4566.70 were given July 10th 1869; the warrants were signed by the officers of the controllers of public schools; also by the city controller.

For the defendant, Halliwell testified that he had never seen the assignment which plaintiffs said they had; the warrants had all been given to Lockhardt.

The defendant gave in evidence Lockhardt's receipt dated July 6th 1869, for the last warrant for $4592.30.

On the 1st of December 1864, the Councils of Philadelphia passed an ordinance entitled, "An ordinance to authorize a loan for school purposes;" the amount authorized was $1,000,000, to provide for the erection of school buildings in the First School District; specific amounts were appropriated to different sections.

Also, an ordinance passed November 1867, as follows, viz. :—

" That the following contracts for the erection of school buildings in the Fourteenth ward, both of which said contracts have been duly executed by the mayor of the one part, and the several and respective contractors of the other part, be and the same are hereby also approved, and the several and respective sureties therefor are hereby also approved, to wit : * * * No. 2, contract dated October 8th 1867, for the erection of school building on the north side of Wood street above Eleventh, for the sum of $13,700, by George W. Lockhardt, contractor, and John E. Whiteman and George W. Rankin, sureties therefor."

The defendant submitted 9 points.

The 1st, 4th, 7th, 8th, which were as follows, were unqualifiedly refused :—

1. In the form in which this action is brought a payment to George W. Lockhardt, the nominal plaintiff, before suit, is a satisfaction of the debt.

4. Notice of the assignment given to the board of school controllers is not such notice as would affect the city of Philadelphia under the Act of 1715.

7. If the jury believe from the evidence that the city of Philadelphia did not promise to pay to Pyle & Hansell the debt in said

[Philadelphia *v.* Lockhardt.]

suit and have paid said debt to Lockhardt, or order, the plaintiff cannot recover.

8. If the jury believe from the evidence that Pyle & Hansell, knowing that Lockhardt claimed this money notwithstanding the alleged assignment, and that he had sued for it, took no legal steps to enforce their claim to it, from July, to     1869, when it was paid to Lockhardt, then their laches estops them from recovering in this action.

The 2d, 3d, 5th, the court refused, but reserved the questions presented by them; they are as follows :—

2. A valid assignment cannot be made of a right not yet acquired, of a sum of money not yet earned, nor of a warrant or other evidence of indebtedness before the instrument is made or the right to it acquired.

3. A building contract is not such a specialty as passes by assignment under the Act of 1715, so as to make a payment to original contractor, after notice of assignment, no satisfaction of the debt.

5. The board of school controllers cannot by their acceptance of an order, or by their assent to an assignment, make the city of Philadelphia liable to the new debtor or assignee.

The 6th point, which was unqualifiedly affirmed, was as follows :—

6. If the jury believe from the evidence that the city of Philadelphia, before they received notice of this assignment, paid the money for which this suit is brought to Geo. W. Lockhardt or his order, the plaintiff cannot recover.

The 9th point and its answer were as follows :—

9. That notice to the secretary of the board of controllers is not notice to the board.

" Affirmed ; if he did not communicate the notice to controllers, but a notice to him, communicated to the controllers, would be notice to the city."

The court left it to the jury to determine whether, upon the evidence, the city had notice of the assignment of October 12th 1867, and instructed them, if they were satisfied the city had such notice, to find a verdict for the plaintiff; subject to the opinion of the court on the reserved point.

And also charged, that if notice was given to the board of controllers of public schools and the councils thereof, and the city solicitor, there was notice to the city.

The verdict was for the plaintiff for $4566.70, on which judgment was afterwards entered for the plaintiff on the reserved points.

The defendant sued out a writ of error, and assigned thirteen errors :—

1–2. Admitting the plaintiff's offers of evidence.

3–10. The answers to defendant's points.

[Philadelphia v. Lockhardt.]

11–12. The portions of the charge above stated.

13. Entering judgment for the plaintiff on the reserved points.

*R. N. Willson* and *C. H. T. Collis* (with whom was *G. D. Budd,*) for plaintiff in error.—The contract was not in accordance with Acts of April 21st 1855, § 11, Pamph. L. 267, providing that contracts shall be in the name of the city of Philadelphia, and April 21st 1858, § 5, Pamph. L. 386, providing that no contract shall be binding on the city unless authorized by law, or an ordinance of councils, and sufficient appropriation be previously made by councils. The assignment was the grant of a thing not in existence and therefore invalid : Perkins, tit. *Grant*, pl. 65 ; Bacon's Maxims, Reg. 14 ; Lunn *v.* Thornton, 1 Manning, G. & S. 380. The assignment was not within the Act of May 28th 1715 : 1 Smith's Laws 90, enabling an assignee to sue in his own name. There was nothing in existence that could be assigned : Fairlie *v.* Denton, 4 Barn. & Cress. 395 ; Crowfoot *v.* Gurney, 2 Moore & Scott 473 ; s. c. 9 Bing. 372. The reservation was of the whole evidence, and therefore bad : Winchester *v.* Bennett, 4 P. F. Smith 510.

*J. G. Johnson* for defendant in error.—The contract was for the benefit of the city, and being in the name of the controllers will not vitiate it : Angell & Ames on Corp., pl. 185 ; Dillon on Municipal Corp., pl. 121, 123, 131 ; Robinson *v.* St. Louis, 28 Missouri 488. The assignment was not governed by the Act of May 28th 1715. Lockhardt was the legal plaintiff with the equitable ownership in Pyle & Hansell, and the assignment being in good faith no act of Lockhardt's could defeat it : 1 Parsons on Contracts 227, and cases cited in *note ;* Rodick *v.* Gendell, 1 De. G., M. & G. 763 ; Jones *v.* Farrell, Id. 208 ; Stocks *v.* Dobson, 4 Id. 11 ; Phillips *v.* Bank, 6 Harris 394 ; Jones *v.* Witter, 13 Mass. 304 ; Anderson *v.* Van Alen, 12 Johns. 342 ; Dawson *v.* Coles, 16 Id. 50. Knowledge acquired by the agent of a corporation in the performance of official duties is notice to the corporation : Bank *v.* Schaumberg, 38 Missouri 228 ; Trenton Bank *v.* Woodruff, 1 Green's Ch. 117 ; Bridge Co. *v.* Phœnix Bank, 3 N. York 156 ; Black *v.* C. & A. R. R. 45 Barb. 40 ; Trenton Bank *v.* Canal Co., 4 Paige 127 ; Danville Bridge *v.* Pomroy, 3 Harris 151. A contract may be assigned so as to give the assignee the title to the proceeds : Morrell *v.* Wootten, 16 Beav. 197 ; Leslie *v.* Guthrie, 1 Bing. N. C. 697 ; Lott *v.* Morris, 4 Simon 607 ; Bell *v.* London & N. W. Railway, 15 Beav. 548. That the debtor is a municipal corporation makes no difference : Bracket *v.* Blake, 7 Metc. 335 ; Crocker *v.* Whitney, 10 Mass. 319 ; Field *v.* New York, 6 N. York 179.

[Philadelphia *v.* Lockhardt.]

The opinion of the court was delivered, March 17th 1873, by

MERCUR, J.—The admission in evidence of the written contract under which the school-house was built is assigned as error. The objection to its admission is predicated of the fact that the instrument in its commencement purports to be an agreement between "The Controllers of the Public Schools of the First District of Pennsylvania," of the first part. It is, however, signed and attested on the part of the first party, by the mayor of the city, and duly sealed with its corporate seal. A short time after its execution the contract was duly approved by ordinance of councils. The sureties given by Lockhardt for his performance of the contract, were at the same time and in like manner approved. From time to time during the progress of the work, the city paid the instalments as they severally became due, according to the terms of the contract. After its completion the city took possession of the house, and have continued in the possession and enjoyment thereof. After all these recognitions and ratifications on the part of the city, it is too late for her successfully to deny that she was a party to the contract.

The fifth, sixth, seventh and eighth assignments are based upon the Act of 28th of May 1715, which provides for the assignment of bonds, specialties and notes in writing. The form of the suit in this case, however, does not admit of the application of that act. That act provides a mode of assignment by which a suit may be brought in the name of the assignee only. This action is brought in the name of the original party to the contract for the use of the assignee. This assignment is not made according to the Act of 1715. This suit is not brought under it. The plaintiff is unaffected by its provisions. The claim to recover is not put upon an alleged agreement made with the equitable plaintiffs, but upon the one made with Lockhardt, from whom they have an equitable assignment.

The remaining alleged errors that were pressed relate to the assignment made by Lockhardt to Pyle & Hansell, and notice thereof to the city. It is contended by the plaintiff in error that when Lockhardt made said assignment he had no interest to assign; that it was made four days only after the execution of the contract, and before he had done anything under it. We think this position is not sound. It is well settled that a contract may be assigned so as to vest in the assignee the equitable right to the proceeds, although the money may not have been due or earned at the time of the assignment. It is often done by builders and other contractors to enable them to procure the materials necessary to fulfil their contracts. This was the case in Scott *v.* Morris, 4 Simons 607, in which the assignment was held good. Nor does it make any difference, if, instead of a debt now due, the assignment is of money, which is expected to become due at a future day to the

[Philadelphia v. Lockhardt.]

assignor: Crocker *et ux.* *v.* Whitney, 10 Mass. 316.    In Patton *v.* Wilson, 10 Casey 299, it was held, that an equitable assignment of unliquidated damages arising from a tort, and for the recovery of which an action was pending, was binding between the parties. Nor does the fact that the debtor is a municipal corporation change the right to assign money not yet earned: Brackett *v.* Blake, 7 Metc. 335; Field *v.* The Mayor of New York, 6 N. Y. 179.

The only remaining question is, that of notice to the city. Did she have such notice of the assignment and letter of attorney from Lockhardt to Pyle & Hansell, and their claim under it, as to prevent the subsequent payment by the city to Lockhardt, from being interposed against a recovery in this action. No objection is taken to the form of the notice given, but to the official upon whom it was served. It was urged upon the argument that the assignee should have given notice to the city controller or to the city treasurer. There is much force in the suggestion that if the assignees had given written notice of their rights to the city controller he would have retained the warrant, subject to the order of the assignees. It would be well if the law designated that officer as the person to whom it should be given, in such cases. In the absence, however, of any such law, we think notice to other officials equally valid. The jury found that notice had been given to the board of controllers of public schools, to the councils, and to the city solicitor. This the learned judge held upon the point reserved, was notice to the city.

By the Act of March 3d 1818, § 7, Smith's Laws 55, it is made the duty of the controllers to examine all accounts of moneys disbursed in erecting, establishing and maintaining the several schools within the district. The Act of the 15th of February 1832, 1 Pamph. L. 80, makes five members of the controllers a quorum for the making of orders, for the payment of money, and the transaction of business generally. There would then seem to be great propriety in giving notice to this board, which was most directly interested in looking after the subject-matter for which the money was to be paid. In Danville Bridge Company *v.* Pomeroy *et al.*, 3 Harris 151, it was held, that notice to the engineer of a company appointed to supervise and direct the work of an alteration in the structure by the builder, was notice to his principals.

In Trenton Bank *v.* Canal Co., 4 Paige 127, it was ruled, that notice to the agent, when it is the duty of the agent to act upon such notice, or communicate it to his principal in the proper discharge of his duty as agent, is notice to the principal, and applies to the agents of corporations as well as of others. In this case three official branches of the city having been notified, we must hold the notice sufficient to charge the city therewith. The court committed no error in entering judgment in favor of the plaintiff below upon the points reserved.

Judgment affirmed.