## CLEMENT, FOR USE, v. CITY OF PHILADELPHIA.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 2 OF PHILADELPHIA COUNTY.

Argued April 8, 1890—Decided January 5, 1891.
[To be reported.]

1. When a city awards a contract for the performance of a public work
to one who is its judgment debtor at the date of the contract, the city
can set off its judgment against the contractor, in an action brought by
him, after performance, to recover the price of the work done.

2. The fact that the surety in the contractor's bond for the performance of
his contract, advanced to the latter the moneys necessary to perform, as
a loan under act of April 6, 1870, P. L. 56, to be compensated by a
share of the profits in lieu of interest, does not impair the city's right of
set-off.

3. Nor does the fact that, by the agreement between the surety and the
contractor, the former was to receive, as security for his advances, all
warrants for moneys to become due on the contract, give him an equit-
able claim superior to the city's right of set-off: Philadelphia v. Lock-
hardt, 73 Pa. 211; Ramsey's App., 2 W. 228; distinguished.

4. At all events, when the city, with the contractor's consent, and without
any notice that the surety had any interest whatever in the contract,
appropriated a part of the contract price to the payment of its judgment
against the contractor, the surety has no right of action against the city
for the sum so appropriated.

5. The filing with the city controller of a power of attorney authorizing
the surety to receive all warrants coming to the contractor, was not
notice of the surety's interest, and imposed on the city no duty to notify
him of the contractor's indebtedness, and of its purpose to use the same
as a set-off.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM
and MITCHELL, JJ.

No. 206 January Term 1890, Sup. Ct.; court below, No. 182
September Term 1886, C. P. No. 2.

On October 29, 1886, an action in debt was brought in the
name of H. G. Clement, to the use of Samuel Josephs, against
the city of Philadelphia, upon a contract entered into between
Clement and the city. Issue.

On February 11, 1889, a verdict was rendered in the plaint-

iff's favor for $3,334. A rule for a new trial having been made absolute, the parties agreed upon a case stated showing the following facts:

In 1874, Henry G. Clement became surety for a clerk in the employ of the city of Philadelphia. This clerk, in 1883, became a defaulter for a sum largely in excess of the amount of the bond, and on April 24, 1883, judgment was entered on the bond for the full amount thereof, $5,000. There were two sureties on the bond. The city has failed to collect anything on the judgment from the principal.

On July 28, 1885, Henry G. Clement entered into a contract with the city of Philadelphia to complete the repairs to South street bridge. Samuel Josephs became the surety on the bond accompanying said contract.

On July 27, 1885, an agreement had been entered into between Clement and Josephs, (set out in full in the case stated,) under which Josephs was to advance to Clement, from time to time, the funds necessary to pay for the work and material needed in the completion of the west approach to the South street bridge, and, as security for the moneys thus advanced, Josephs was to receive all warrants for moneys to become due to Clement from the city for or on account of said work, with the right to apply the moneys arising from the warrants to his reimbursement. As a compensation for the moneys so advanced, and in lieu of interest thereon, Josephs was to retain out of the moneys arising from said warrants, in addition to the sum necessary to repay his advances, a further sum equal to half the net profits of Clement on the contract. This agreement was given by Josephs to his counsel, and the city had no knowledge of it.

On the same day of the agreement, Clement gave Josephs an irrevocable power of attorney to receive from the city all warrants issued in payment for the work, and to execute all necessary vouchers and receipts. This power of attorney was filed with the city controller within three or four days after it was given to Josephs.

The work was completed in accordance with the contract.

On February 6, 1886, a warrant was drawn in favor of Clement for $3,825 and delivered to Josephs. On April 29, 1886, a warrant was drawn in favor of Clement for $2,874.36, re-

ceipted for by him, but delivered to the city solicitor in payment of Clement's indebtedness on the judgment against him entered in 1883.   For the balance of the contract price, $325.64, a warrant was drawn in favor of Clement on December 21, 1886, and delivered to Josephs.

Clement never authorized the bringing of this suit, except as authority may appear from the agreement, power of attorney, and facts above stated.

Josephs advanced money to Clement, under the agreement before referred to, to the aggregate of $10,000, all of which was expended in the performance of the contract.   Clement expended of his own moneys $100, and he still owes bills incurred in the performance of the contract to the extent of $2,500.

The city claims to retain the $2,874.36 by reason of Clement's indebtedness on the judgment before referred to.   At the time the warrant for that amount was given to the city solicitor, the judgment was unpaid, and that sum was the amount due by Clement.

If the court shall be of opinion that the defendant can retain said sum against the said Josephs, the equitable plaintiff, then judgment to be entered for the defendant; if otherwise, then judgment for the plaintiff for $2,874.36, with interest from May 1, 1886, either party to have the right to refer to the contract between the city and Clement, or to any ordinances of the city, as though set out herein.

—After argument, judgment was entered on the case stated for the defendant; whereupon the plaintiff took this appeal, specifying that the court erred:

1. In entering judgment for the defendant.

2. In not entering judgment in the plaintiff's favor for $2,874.36, with interest from May 1, 1886.

*Mr. David W. Sellers* (with him *Mr. William Nelson West*), for the appellant:

1. The contract on which Josephs was surety was awarded under § 26, act of May 13, 1856, P. L. 573, which, as modified by § 6, act of May 23, 1874, P. L. 233, required the contract to be awarded to the lowest responsible bidder, and required

Arguments.

the contractor to give security for its performance. The first suggestion is, that a contract governed by such a law, in which the surety is guided only by that which inheres in the contract itself, is not subject to a set-off against the contractor which existed at the date of the contract, so as to prevent the surety from recouping his advances to perform the work. The city knew of Clement's indebtedness to it when the contract was awarded, and its duty was to give Josephs notice that such indebtedness was to be deducted.

2. The agreement between Clement and Josephs worked an equitable assignment, and by reason of the latter's obligation as surety to the city, neither the city nor Clement, without payment of his advances, could deprive Josephs of the sums due. The filing of the warrant of attorney was sufficient notice to the controller to deprive Clement of any further right of disposition. As surety, Josephs spent $10,000 in completing the contract, and he thus in any event suffers a loss of $3,000. His liability, when he became surety, was to expend of his own funds only such sum in excess of $7,025, the contract price, as should be required for the completion of the work. If the city's contention is sustained, the burden of his suretyship is increased to the extent of $2,874.36.

3. The agreement between Clement and Josephs, and the power of attorney, were made on the faith of decisions of this court. The agreement was drawn from the precedent approved in Hart v. Kelley, 83 Pa. 289, construing the act of April 6, 1870, P. L. 56, which authorizes loans of money upon an agreement to receive a share of the profits of a business, as compensation for the use of the money. The power of attorney and the notice to the controller were drawn and given under the authority of Philadelphia v. Lockhardt, 73 Pa. 211. After notice, the city was bound to recognize the right of Josephs, and nothing outside of the contract could affect his right to be paid in cash. The city's judgment against Clement did not enhance its rights; a judgment cannot be set off against an equitable assignee for value: Ramsey's App., 2 W. 228. And Clement could not prevent the use of his name in this suit: Coffey v. White, 17 Phila. 236.

*Mr. Abraham M. Beitler* (with him *Mr. Charles F. Warwick*), for the appellee:

Arguments.

1. When the contract between Clement and the city was executed, the rights of the parties became fixed. The city could compel Clement to finish his contract, and, upon so doing, he could recover the contract price, less the city's set-off. The balance due him was the utmost he could claim, and no act of his could take the city's right of set-off away. The agreement between Clement and Josephs was a partnership agreement, drawn under the act of April 6, 1870, P. L. 56, so as to protect Josephs from the liabilities of a general partner. It was not brought to the notice of the city. The power of attorney lodged with the controller gave no notice of it, and contained nothing that required the city to do aught else than to settle with Josephs as Clement's attorney. It requires no argument to prove that the position of the attorney in fact was no higher nor better than that of Clement.

2. The city is asked by this action to give up the $2,874.36, appropriated to paying the judgment held by it against Clement, and the request should be backed up by clear reasoning and authority. The appellant's counsel are driven to deny the city's right of set-off, as against a surety's advances to perform the work. The city had no reason to anticipate that the surety intended to make such advances, and had no notice that Clement was doing the work with money other than his own. How, then, can it be logically reasoned that the city was under obligation to inform Josephs of its intention to deduct the judgment when it came to settle with Clement? Besides, the judgment against Clement was a matter of record, and easily ascertainable by Josephs. The advances made by Josephs give him no greater claim than any other creditor would have, who could show advances expended in the performance of Clement's work.

3. The authorities relied on by the appellant are not applicable. Philadelphia v. Lockhardt, 73 Pa. 211, differs radically from this case. There has been no payment to Clement; all that the city owed him has been paid to Josephs. Ramsey's App., 2 W. 288, does not fit the case in hand, for Josephs asserts no claim against the city as an equitable assignee for value. He asserts no claim as surety, and as such he has not lost a dollar. The claim asserted is as a partner. He asserts it under a power of attorney which gave him the right to collect what the city

Opinion of the Court.

owed Clement: and that he has been paid. The effect of his collecting the money sued for might be to evade the city's right of set-off, for the partners may have made a settlement between them already. His position as partner, and the fact that the venture has been a losing one, give Josephs no right to maintain this suit, or to collect the balance retained by the city in payment of the judgment due it.

OPINION, MR. JUSTICE McCOLLUM:

Clement, while indebted to the city, entered into a contract with it to complete the repairs to South street bridge, and he performed the work according to his agreement. A portion of the contract price was applied with his consent to the payment of his debt to the city. Josephs, who was his surety on the bond accompanying the contract, brings this action to recover the amount so applied, alleging that he has an equitable claim to it superior to the city's right of appropriation or set-off. When he became surety and before any work was done under the contract, he received from Clement a letter of attorney, which he filed with the city controller. By it he was authorized to receive all warrants which might be coming to Clement under his contract with the city. It constituted Josephs the attorney in fact of Clement for this purpose, and this was the scope of the power conferred by it.

It now appears that there was an agreement between Clement and Josephs by which the latter was to advance to the former, from time to time, the funds necessary to pay for the work and materials needed to complete his contract with the city, and as compensation therefor was to receive " half the net profits of the said Clement on the said contract." As security for his advances, Josephs was to " receive all warrants for moneys to become due to the said Clement from the city, for or on account of the said work," and from the moneys arising from said warrants he was authorized to retain the amount of his advances and compensation. The city was not advised of this agreement, nor of the loan made in pursuance of it. It knew that Josephs had signed the bond of Clement and that he held the power of attorney mentioned, but it had no reason to suppose that he was interested in the contract or the moneys arising therefrom. It owed him no duty to give notice that Clement was its debtor, or to relinquish its right of set-off.

The money furnished by Josephs to Clement in pursuance of their agreement was a loan under the act of April 6, 1870, P. L. 56, to be compensated by a share of the profits on the bridge contract, in lieu of interest on the sums advanced, and the rights of the city under its contract with Clement were not impaired by it. The city could require Clement to complete the work according to his agreement, and, in an action for the price of it, set off its judgment against him: Metzgar v. Metzgar, 1 R. 227; Jacoby v. Guier, 6 S. & R. 448; Filbert v. Hawk, 8 W. 443; Lloyd's App., 95 Pa. 518. The claim against the city is founded on Clement's performance of his contract, and the fact that he borrowed money to pay for labor and materials to complete it, cannot enlarge the claim nor destroy the defences to it. It was Clement's money, and the sum which he could recover in a suit on his contract, which Josephs was authorized to receive from the city, and this was the only right against the city which the power of attorney and the agreement to secure his advances and compensation gave him.

In Philadelphia v. Lockhardt, 73 Pa. 211, the contractor had assigned all moneys due and to become due under his contract with the city, to Pyle & Hansell, who, on the faith of the assignment furnished the lumber for the building, accepted orders from and acted as trustees for all the mechanics and material-men, and virtually assumed and discharged all the obligations of their assignor under the contract. The city, with full knowledge of these facts and after repeated recognition of the right of the assignees to receive the moneys arising from the contract, paid a portion of them to the contractor, and attempted to justify the payment on the ground that the assignment was invalid. In this contention it was defeated. There was no question of set-off involved in the suit, and no demand for more than the contractor could recover, if the assignment had not been made. It is not decisive of or analogous to our case.

Ramsey's App., 2 W. 228, is not an authority against the claim of the city to set off in this action its judgment against Clement. In that case the Agricultural Bank had a judgment against Ramsey, one half of which it assigned to the Bank of the United States. After this assignment, Ramsey obtained

judgments against the Agricultural Bank equal to that it had held against him. It was ruled that he could not set off his judgments against the moiety of the judgment assigned to the Bank of the United States, as its equity was equal, and prior, in point of time, to his. Mr. Justice KENNEDY, in his opinion in Filbert v. Hawk, supra, referred to Ramsey's Appeal, and said of it: "The case is imperfectly stated, as reported, in not showing that the assignment to the Bank of the United States was prior in point of time to Ramsey's obtaining his judgments against the Agricultural Bank. But it is clear, from the reasoning of the Chief Justice, in delivering the opinion of the court, that the fact was so, for without that, the equity of the Bank of the United States could not have been equal to Ramsey's."

The judgment is affirmed.