## PEOPLE OF STATE OF NEW YORK v. HANLEY MILLING CO.

### No. 19806.

District Court, N. D. Ohio, E. D.
Jan. 13, 1940.

Judgment affirmed 123 F.2d 819.

John J. Bennett, Jr., Atty. Gen., John M. Stull, Asst. Atty. Gen., of New York State, and Jack B. Dworken, of Cleveland, Ohio, for plaintiff.

John C. O'Donnell and C. H. Henkel, both of Mansfield, Ohio, for defendant.

WILKIN, District Judge.

This case was submitted on motion for judgment on the pleadings and on motion for appointment of a receiver. There was substantial agreement as to the facts, and counsel for both sides stated that the case. would be determined by an interpretation of the pleadings, the contracts between the parties, and facts of which the court would take judicial notice.

In case No. 18884, formerly brought by this plaintiff against this defendant in this court, a contract of settlement was entered into, and, in compliance with the provisions of such contract, an assignment of claim against the United States was attempted by the defendant to the plaintiff. Such claim was composed of several items for refund of processing taxes and amounted in all to $5,329.02. In such contract it was provided that the parties would "prepare and file any and all necessary papers to establish the claim for refund due said parties, by reason of taxes paid in the Agricultural Adjustment Act, and file said claim with the proper governmental agency and cooperate together in obtaining a speedy decision · on said claim". Such contract further provided: "That if the party of the second part (defendant) has fully complied with all of the terms of this agreement, and has cooperated with the party of

the first part in the prosecution of said claim against the government, and has faithfully discharged all of its obligations under this agreement, and the claim against the United States government has been finally disallowed and no recovery can be had upon said claim, that then and in that event the sum of Four Thousand Two Hundred Five Dollars and Seventy-eight Cents ($4205.78) heretofore paid by the party of the second part to the party of the first part, shall be in full settlement and discharge of the entire claim of the party of the first part."

It now appears from the pleadings and statements of counsel that the United States has issued a check for $4,600.10, payable to the Hanley Milling Company in full settlement of the claim assigned to the plaintiff and other claims which the defendant Milling Company had against the United States. Such check is now in the possession of Frank F. Gentsch, Collector of Internal Revenue of Cleveland, Ohio, and the motion for appointment of a receiver was made for the purpose of obtaining possession of such check and applying it to the payment of the plaintiff's account as set forth in its petition.

 The assignment of claim against the United States was null and void because it violated Sec. 3477, R.S., 31 U.S.C.A. § 203. The contract by which the parties settled the former case was not null and void, however, and its terms and provisions, together with the conduct of the parties in pursuance thereof, i. e., their cooperation for the collection of such assigned claim, would operate as an equitable assignment. The plaintiff, according to the admitted facts, has an interest in the fund now held by the Collector. The claim which the defendant contracted to assign to the plaintiff in settlement of the plaintiff's action against the defendant, No. 18884, was a part of the consideration for the issuance of the check by the United States.

 The interest of the plaintiff in such check cannot be greater, however, than the amount which the government allowed on the claim contracted to be assigned. In other words, the plaintiff is not entitled to judgment for the amount asked in its petition. The amount prayed for therein is the balance of the claim set forth in the former action in this court, No. 18884, after giving credit for the cash payment made at the time of the execution of the contract of settlement. But that claim and that former action were fully settled and determined by the contract of settlement and the payment made at that time. The contention of the defendant herein that the former contract was a complete settlement seems perfectly sound. The plaintiff in that case accepted $4205.78 in cash and an assignment of claim amounting to $5,329.-02 in full payment and discharge of its pending suit for $9,534.80. Even if the assignment was void, the contract was valid. That was the end of that case and that claim. The plaintiff can now recover only the amount allowed on the claim which it agreed to accept.

 It seems to this court inequitable and unconscionable for defendant to claim the advantage of the former settlement and at the same time deny to the plaintiff the amount which it has derived or would derive from the claim which such settlement provided should be assigned to the plaintiff. The defendant herein cannot claim the benefits of the contract of settlement and escape its obligations. The terms of the contract are that if "the claim against the United States government has been finally disallowed and no recovery can be had upon said claim", then the amount paid should be in full settlement and discharge. It cannot be said that the claim agreed to be assigned has been finally disallowed or that no recovery can be had. It is admitted that the amount now held by the Collector of Internal Revenue is in part a recovery on such claim.

Neither party has abandoned the former contract of settlement. The defendant asserts it herein as a bar to recovery by the plaintiff under its petition. The plaintiff, on the other hand, is asserting its rights under the contract in its motion for the appointment of a receiver. As long as the plaintiff asserts rights under that contract of settlement, it is restricted in its recovery to the amount obtained by the defendant on the claim agreed to be assigned in such contract. As long as the defendant claims the benefit of the settlement made in such contract, it is obligated to pay to the plaintiff whatever has been collected on the claim agreed to be assigned.

 The difficulty which this court experiences is in fixing the amount to be paid to each of the parties out of the fund now held by the Collector. It is admitted by the parties that the check issued by the

United States was in settlement of all the claims being asserted by the defendant. As stated in the brief of the defendant: "Said sum was a compromise of all claims which the Hanley Milling Company had against the government, amounting to between $40,000 and $50,000, which amount included the amount of claims which had been specially assigned to the State of New York * * * without allocating any special amount to any particular claim and without any proportionate allowance upon individual claims".

It is the judgment of this court that the total amount of the claims settled by such payment should be determined or agreed upon and that the amount which the plaintiff would then be entitled to receive would be that proportion of the check which the claim agreed to be assigned to it ($5,105.-95) bears to the total amount of claims compromised. If the parties cannot agree upon the total amount of claims settled by the check now held by the Collector, the case may be .re-assigned for determination of that point.

Both motions, as modified to conform to this memorandum, sustained.