## ADELMAN v. CENTAUR CORPORATION.

### No. 9716.

Circuit Court of Appeals, Sixth Circuit.

Nov. 20, 1944.

574

M. M. Wexler, of Philadelphia, Pa. (Wexler & Weisman, of Philadelphia, Pa., and Charles E. Nadler, of Cleveland, Ohio, on the brief), for appellant.

Joseph E. Rapkin, of Milwaukee, Wis. (Miller, Mack & Fairchild, of Milwaukee, Wis., Squire, Sanders & Dempsey and H. J. Crawford, all of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, ALLEN and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

Appellant appeals from a judgment decreeing the appellee owner of a chose in action acquired before bankruptcy by assignment from the bankrupt, Swift Equipment Corporation, which corporation, on September 9, 1938, filed a voluntary petition for reorganization under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, and was subsequently adjudged a bankrupt. The facts leading up to this controversy are as follows:

The Centaur Corporation has its place of business at Greenwich, Ohio, and is engaged, among other things, in the manufacture of highway mowers. On February

14, 1938, the Centaur appointed the Equipment Corporation its distributor in the Commonwealth of Pennsylvania, reserving authority to determine the price and the terms on which its products were to be sold.

Swift Corporation was low bidder under a contract to furnish the Commonwealth of Pennsylvania eleven highway mowers at $993.00 each, for which Centaur refused to extend credit to Swift.

Pursuant to a written agreement, on August 10, 1938, Swift directed the Department of Property and Supplies of the Commonwealth of Pennsylvania to make checks payable to it for said mowers and mail said checks to Centaur at Greenwich, Ohio, expressly stating that these directions were irrevocable. The Commonwealth approved this arrangement.

Swift, acting through its Board of Directors, executed and delivered to Centaur a power of attorney, authorizing Centaur to receive, indorse and deposit to its credit the checks of the Commonwealth of Pennsylvania.

After Swift was adjudicated a bankrupt, the Commonwealth paid for the mowers according to the understanding of the parties, except that one check in the amount of $933.00 was sent directly to the bankrupt, cashed by it and the sum realized credited on Swift's books to Centaur as commissions earned and paid.

Appellant invokes Section 70 of the Bankrupt Act, 11 U.S.C.A. § 110, in his effort to recover the money received by Centaur. Appellee claims title by force of a power of attorney and assignment.

■ The test to be applied under Section 70 of the Bankruptcy Act as to what property passes to a trustee in bankruptcy is whether, at the date of the filing of the petition the property could have been (1) transferred by the bankrupt or (2) levied upon and sold under judicial process against him or otherwise seized, impounded or sequestered. It is clear from the language of the Act that property or property rights of the bankrupt which at the date of bankruptcy are not in any manner transferable by him or leviable at law or subject to sequestration in a proceeding against the bankrupt do not pass to the trustee. The effectiveness of a transfer or an assignment as against the trustee, is to be tested by the standards of applicable state law. Corn Exchange Nat.

Bank & Trust Co. v. Klauder, 318 U.S. 434, 437, 63 S.Ct. 679, 87 L.Ed. 884, 144 A. L.R. 1189.

■ The rights of the parties are to be determined by the law of Pennsylvania where the alleged assignment was made and the contract and payments therunder were to be performed. There is no issue in the case as to whether there was a preferential transfer by the bankrupt or that the assignment was made to defraud creditors. The sole issue is whether the alleged assignment was effective to transfer title before bankruptcy intervened. The rule prevails in Pennsylvania that where a fund has been set apart for the payment of an obligation or a fund in the hands of a third person has been so designated as to require the latter to make payment out of it to a creditor, the person for whose benefit the fund was so set apart or designated acquires a right to have it applied as directed, which right will be given a preference over the rights of other creditors in case of the debtor's insolvency unless there is an element of fraud present or superior equities enter into the transaction. Specifically referring to assignment of accounts receivable, the only requirement of the state law is that the assignee shall give notice to the debtor whose obligation has been acquired. In re Phillips' Estate, 205 Pa. 515, 55 A. 213, 66 L.R.A. 760, 97 Am. St.Rep. 746.

■ On July 31, 1941, the Pennsylvania law was amended, Pennsylvania Laws 1941, No. 255, p. 606, 69 Purd. Stat. Ann. § 561, to provide that notice of assignment concurrently entered on the assignor's books is notice to the debtor. The facts in the case show that the assignee gave notice to the Commonwealth of Pennsylvania of the transaction it had had with the bankrupt and the facts also substantially show that the assignor made appropriate entries on its records of the transaction. As we view the facts, the steps taken by appellee to perfect its title were sufficient to protect it against creditors of the bankrupt or against bona fide purchasers from the debtor.

■ It is established law in Pennsylvania, and by the weight of authority elsewhere, that money due and to become due, under an existing contract is subject to assignment, the assignment attaching to each installment as it becomes due and payable to the assignor. City of Philadelphia v.

Lockhardt, 73 Pa. 211; East Lewisburg Lumber & Mfg. Co. v. Marsh, 91 Pa. 96; Ruple v. Bindley, 91 Pa. 299.

This is an equitable action and is controlled by equitable principles. An equitable assignment requires no particular form and may be oral. The requisites are an intention on one side to assign and an intention on the other to accept, supported by sufficient consideration and disclosing a present purpose to make an appropriation of a debt or fund. Since intent is the controlling factor, it is to be ascertained from the language used construed in the light of the surrounding circumstances and the relationship of the parties.

In the present case, Centaur was unwilling to accept the Swift Corporation as a credit risk. It was willing to furnish the equipment to Swift that it might comply with its contract with the Commonwealth of Pennsylvania provided Centaur did not become an unsecured creditor of Swift, which company evidently desired to give Centaur protection to the extent of the cost of the equipment that might be needed to complete its contract.

The power of attorney from Swift to Centaur, Swift's letter to the Commonwealth, the approval of the arrangement by the Commonwealth, the simultaneous delivery of the machinery was a single transaction, and must be viewed as a whole. In law, it was an unqualified assignment in good faith and for a valuable consideration of the whole interest of the assignor in a chose in action, and the assignor's control over it immediately ceased after the assignment and notice to the debtor. Watson v. Bagaley, 12 Pa. 164, 51 Am.Dec. 595; Keys' Estate, 137 Pa. 565, 20 A. 710, 21 Am.St.Rep. 896.

The case of DuBois v. United States Fidelity & Guaranty Co., 341 Pa. 85, 18 A.2d 802, is not contrary. Similarity to the case at bar is found in the cited case in that it was the transfer of the right to a debt by a power of attorney to collect money and pay it over to another person or to creditors of the assignor. Its dissimilarities are that the contract out of which the fund was realized, by its express terms prohibited its assignment or an assignment of money due, or to become due, under it, unless the opposite contracting party consented in writing, and further, the action was based on Section 60, sub. a of the Bankruptcy Act, Title 11 U.S.C.A. § 96. The Court found that there was no assignment, but stated that had there been an equitable assignment, it would have operated as a preference and therefore would have been void. The cited case is inapplicable to the one at bar. Judgment affirmed.