McPHAIL v. JOHN HANCOCK MUT.
LIFE INS. CO. et al.
Civ. A. No. 2255.

United States District Court
W. D. Kentucky.
Dec. 31, 1952.

Ben T. Cooper, Louisville, Ky., for plaintiff, Ina B. McPhail.

Richard H. Nash, Louisville, Ky., for cross-defendant Evelyn R. McPhail and for intervening plaintiff Evelyn R. McPhail as guardian for infant children.

MILLER, Circuit Judge. (sitting by designation).

This action involves conflicting claims to the proceeds of two life insurance policies in the total amount of $8,777.51, issued by the John Hancock Mutual Life Insurance Company on the life of Raymond A. McPhail, who died on September 5, 1951.

### Findings of Fact

Raymond A. McPhail at the time of his death was an assistant district manager for the John Hancock Mutual Life Insurance Company, and as such was insured as to his life by the Company under Group Policy No. 1–GCC, Certificate No. 2353, in the amount of $7,500. He also was insured by the Company as to his life in the amount of $1,277.51 under the terms of Group Annuity Contract No. 6–GAC, Certificate No. 7766. Both policies were in full force and effect at the time of his death on September 5, 1951.

Certificate No. 2353 under Group Policy No. 1–GCC designated as the beneficiary thereof, as of January 1, 1948, Evelyn R. McPhail, wife of the insured, and carried the provision "The right to change the beneficiary from time to time is reserved to the employee."

Certificate No. 7766 under Group Annuity Contract No. 6–GAC designated as the beneficiary thereof, as of May 1, 1938, "Ena McPhail—mother, if living, otherwise to Alexander McPhail—father." This policy provided "The Employee may designate the beneficiary to whom any death benefit will be payable in the event of his death and may from time to time change the beneficiary by filing written notice thereof with the Company at its Home Office on its prescribed forms, accompanied by his certificate." On April 18, 1941, the insured changed the beneficiary to "Evelyn R. McPhail—wife." On February 8, 1944, the insured again changed the beneficiary to "Evelyn R. McPhail, Wife if living; otherwise David D. McPhail, Son."

In the late part of 1949, marital difficulties arose between the insured and his wife, Evelyn McPhail, who were then living in Texas. An action for divorce was filed by the wife in Texas, which was not contested by the insured. In the divorce proceedings Evelyn McPhail was represented by a local attorney, who, at the request of the husband, negotiated a property settlement for both of the parties, the husband not employing any other attorney. Prior to the divorce decree, negotiations were had with respect to a property settlement, the wife asking for $60 per week for the support of herself and the two children. An oral agreement was reached between the parties as follows: The husband received their automobile, valued at between $300 and $400, and approximately $400 which was in the checking account at the bank. The wife received the furniture valued at from $450 to $600. A $5,000 policy of insurance on the life of the husband payable to the wife was changed so as to be payable to their two minor children, under which the

children have been paid $4,167. The husband carried a $10,000 policy with the United States Government payable to the wife which was term insurance and had no cash surrender value. There was a policy issued by the John Hancock Mutual Life Insurance Company on the life of the wife in the amount of $1,000, which had a cash surrender value of approximately $100, which was assigned by the wife to the husband. There was also in existence the two policies hereinabove referred to as Group Policy No. 1–GCC and Group Annuity Policy No. 6–GAC, which are the two policies involved in this action. With respect to those two policies, the husband agreed to change the beneficiary from his wife to their two children, David Dugald McPhail, aged 8, and Deborah Rae McPhail, aged 4, it being agreed between the parties at the time that the children should be the ones protected in the event anything should happen to the father. The husband was to pay $30 per week for the support of the children. After the foregoing property settlement had been agreed upon, the wife left on January 29, 1950 for the home of her parents in Michigan, where some time later the furniture was shipped to her. The husband retained the automobile, the money in the checking account and received the cash surrender value of the policy of insurance on the life of the wife, but failed to change the beneficiaries on the two policies herein involved to his children.

A decree of divorce was granted to the wife on March 10, 1950, which gave custody of their two children to the wife, with the right in the father to see them at reasonable times and places. It directed that the father contribute at least $30 per week for the care, maintenance and support of the children. It also stated, "And it further appearing to the Court that all property rights of the Parties have been settled: It is therefore Ordered that the property now in the possession of the Plaintiff shall hereafter be considered as Plaintiff's separate property and the property in possession of the Defendant shall be hereafter considered as Defendant's separate property."

Some time later, the insured married the plaintiff Ina B. McPhail. Thereafter, on February 5, 1951, he changed the beneficiary in Group Policy No. 1–GCC, Certificate No. 2353, to "Ina B. McPhail, wife, if living, otherwise David D. McPhail, Son, and Deborah R. McPhail, daughter, and any other children born of the marriage of the insured and his said wife, equally and to the survivors or survivor." On March 2, 1951, he changed the beneficiary in Group Annuity Contract No. 6–GAC, Certificate No. 7766, to read "Ina B. McPhail, wife, if living, otherwise David D. McPhail—son, Deborah R. McPhail—daughter & any other children born of the marriage of the insured & his wife, equally & to the survivors or survivor." The foregoing changes of beneficiaries were duly made in accordance with the provisions of the policies, and were duly endorsed by the Insurance Company on the respective policies. The beneficiaries so named continued thereafter as the named beneficiaries until the death of the insured.

Following the death of the insured, Ina B. McPhail, the designated beneficiary in each of the policies at the time of the insured's death, filed this action in the State court in Kentucky against the John Hancock Mutual Life Insurance Company to recover the proceeds of the two policies. The Insurance Company removed the action to the U. S. District Court, the plaintiff being a citizen of Kentucky and the defendant being a citizen of Massachusetts, and the amount in controversy exceeding the sum of $3,000 exclusive of interest and costs. In the District Court the Insurance Company filed an answer and cross-claim for interpleader against Evelyn R. McPhail, cross-defendant, as also being a claimant to the proceeds. It admitted its liability under the two policies in the total amount of $8,-777.51, about which the parties are in agreement, and has paid that sum into court and has now been discharged from the action. Evelyn R. McPhail filed an answer denying that she individually made any claim to the proceeds of the two policies. On November 2, 1951, Evelyn R. McPhail was appointed guardian for the infant children David Dugald McPhail and Deborah Rae McPhail by the County Court of McLennan County, Texas, which court thereafter authorized her to prosecute the claim of the

minor children under the policies herein involved. As such guardian she thereafter intervened in this action claiming on behalf of the children the proceeds of the two policies.

### Conclusions of Law

■ The court has jurisdiction of the action under the provisions of §§ 1332, 1335, 1397 and 2361, Title 28, U.S.Code, and Rule 22, Rules of Civil Procedure.

■ Plaintiff, as the named beneficiary in the policies, relies upon the well settled rule that although a named beneficiary has no vested right in the proceeds of a policy where the right to change the beneficiary is reserved in the policy, any change of beneficiary in order to be effective, must be made in the manner prescribed by the policy, and that an unexecuted intention on the part of the insured to change the beneficiary is not effective. Annotation, 19 A. L.R.2d 5; Spurlock v. Spurlock, 271 Ky. 70, 111 S.W.2d 443; Parks' Ex'r. v. Parks, 288 Ky. 435, 440–441, 156 S.W.2d 480. It is recognized that in certain instances where the insured has done all that he is required to do under the circumstances and what remains to be done is but a ministerial act upon the part of the insurer, equity considers as done that which ought to be done and treats the change as having been effected. Farley v. First National Bank, 250 Ky. 150, 61 S.W.2d 1059. But that exception to the general rule is not applicable in the present case, where the insured did not make any application in any manner to the insurer for such a change.

But this case involves more than an unexecuted intention to change the beneficiary. In such cases there is a lack of consideration passing to the insured to support the contemplated change, and the failure to make the change is of the nature of an incompleted gift. In the present case we have a contractual obligation supported by valuable consideration, which the intervening plaintiff contends partakes of the nature of an assignment, which transferred all interest in the proceeds of the policy to the assignee *prior* to the time when the plaintiff became the designated beneficiary. If so, the case does not involve a change of beneficiary, but rather the question of what interest the designated beneficiary acquired in view of the claim of a prior assignee for value.

■ It appears settled that where the policy reserves the right to change the beneficiary, as in this case, the designated beneficiary acquires no vested right in the policy and the insured may assign the policy without the consent of the beneficiary. See cases cited in Annotation 135 A.L.R. 1040. It may be necessary, in some instances, to change the beneficiary to the insured's estate, and then to make the assignment, but that problem is not involved in the present case since the beneficiaries named in the policies at the time of the claimed assignment were parties to the assignment and were validly removed as designated beneficiaries. The plaintiff was not named as beneficiary until after the claimed assignment was made. Accordingly, the question presented appears to be whether the contract between the insured and the intervening plaintiff operated as an assignment of the proceeds of the policies to the two children.

■ The insured's promise to make the policies payable to the children in order to provide for their protection if anything happened to him was a binding contractual obligation, supported by consideration. The wife not only reduced her claim for their maintenance and support from $60 a week to $30 per week, but she also surrendered her claim, under the community property law of Texas, to the automobile and cash in bank retained by the husband, and to the cash surrender value of all the existing policies on the life of her husband and the cash surrender value of the policy on her own life.

■ This contract is not invalid as being in contravention of the terms of the divorce decree. The decree expressly recognized that a separate property settlement had been reached between the parties, and, properly construed, is merely a judicial confirmation of the division of their property between them according to their oral agreement. The question of property rights was not before the Court for adjudication,

no issue had been raised by the parties with respect thereto. Whatever rights the children had in the insurance policies had become vested prior to the date of the decree. See Shoudy v. Shoudy, 55 Cal.App. 344, 203 P. 433; Thomson v. Thomson, 8 Cir., 156 F.2d 581, 586.

In the absence of statutory provisions, no special form of words is necessary to effect an assignment of a chose in action. Any language, however informal, which sufficiently identifies the property and shows the intention of the owner to transfer it, will be sufficient to create an equitable assignment and vest an equitable interest in the assignee. Commonwealth v. Wilhoit, 274 Ky. 831, 840, 120 S.W.2d 670; Davis & Goggin v. State National Bank, Tex.Civ. App., 156 S.W. 321; Adelman v. Centaur Corp., 6 Cir., 145 F.2d 573, 576; People of State of New York v. Hanley Milling Co., D.C., 41 F.Supp. 844, affirmed, 6 Cir., 123 F.2d 819. In the present case, the intention to transfer the policies to the children is clearly established, the subject matter of the assignment is in existence and specifically designated, and a binding contractual obligation to take the necessary steps to effectuate a common law transfer was entered into. Equity regards that as done which ought to be done. I am of the opinion that as between the parties, that is between the insured and the children, this constituted an equitable assignment of the policy to the children. Lovinger v. Garvan, S.D.N.Y., 270 F. 298; Kansas City Life Ins. Co. v. Jones, S.D.Cal., 21 F.Supp. 159; Davis & Goggin v. State National Bank, supra, Tex.Civ.App., 156 S.W. 321; Craig v. Dunlap, Tex.Civ.App., 267 S.W. 1007. Restatement, Contracts, § 166, Comment (a), Illustration (3); Coppard v. Martin, 5 Cir., 15 F.2d 743, 745, certiorari denied 273 U.S. 753, 47 S.Ct. 456, 71 L.Ed. 874; Early & Daniel Co. v. Pearson, 5 Cir., 36 F.2d 732, 735.

Such an equitable assignment is subject to being defeated by a subsequent assignment for value to an assignee without notice of the prior rights, but, in my opinion, is superior to the subsequently accruing claims of one who occupies the position of a donee beneficiary. The record

does not show any stronger claim on behalf of the plaintiff. Lovinger v. Garvan, supra; Restatement, Contracts, § 166; Kansas City Life Ins. Co. v. Jones, supra; Prudential Ins. Co. v. Rader, D.C.Minn., 98 F.Supp. 44; Thomson v. Thomson, 8 Cir., 156 F.2d 581; Shoudy v. Shoudy, 55 Cal.App. 344, 203 P. 433, 435. See Poor v. Logan, Ky., 252 S.W.2d 1.

The intervening plaintiff as guardian for the infant children, is entitled to recover the proceeds from the policies now in Court. Counsel will prepare and tender appropriate judgment for entry.