**Sol KISER and Lizzie Kiser,**
**Plaintiffs,**

v.

**LIFE & CASUALTY INSURANCE**
**COMPANY OF TENNESSEE,**
**et al., Defendants.**

**Civ. No. 1151.**

United States District Court,
E. D. Kentucky,
Pikeville Division.

June 27, 1972.

Gene L. Auxier, Pikeville, Ky., for plaintiff.

John Stephens, Pikeville, Ky., for Life & Casualty Ins. Co.

Washer, Kaplan, Rothschild & Aberson, Louisville, Ky., Henry D. Stratton, Pikeville, Ky., for Annice Kiser, individually and as guardian.

HERMANSDORFER, District Judge.

Disposition of Defendant Annice Kiser's Motion for Summary Judgment is made pursuant to Rule 56(d) F.R.Civ.P. The Court finds the following facts not in substantial controversy.

Earsel and Annice Kiser were married on September 7, 1951. Three children were born of this marriage, Robin Lynn, Toni and Rhonda. Annice filed a divorce action in the Jefferson Circuit Court on June 7, 1966. The action was not prosecuted to judgment before the death of Earsel on May 5, 1967. In the divorce action and on February 8, 1967, there was filed a property settlement agreement, denominated "VS: Agreement", executed by Earsel and Annice Kiser. Each party was represented by

counsel for purposes relating to the property settlement agreement. Paragraph 4 of the agreement was an agreement by Earsel, inter alia, to make his children beneficiaries of his life insurance policies during the period of their minority. On February 21, 1967, the defendant insurance company endorsed its policy, number 979778, to reflect the change of beneficiaries requested by the owner, Earsel Kiser. The designated beneficiaries of the policy, by this change, are the plaintiffs, Sol and Lizzie Kiser, parents of Earsel. There is no basis to believe the insurance company had any notice of the purported obligations of Earsel under the property settlement agreement with respect to the policy of insurance. On June 7, 1969, Annice Kiser was granted her petition to dispense with administration for transfer of widow's exemption of her deceased husband's estate in the Jefferson County Court.

■ There are insufficient facts presented to determine whether this matter is controlled by McPhail v. John Hancock Mutual Life Insurance Co., 108 F.Supp. 902 (W.D.Ky.1952). As Judge Miller noted in that opinion, 108 F.Supp. at 905, "[i]n the present case we have a contractual obligation supported by a valuable consideration". Whether or not there is a valuable consideration supporting the agreement in this case is viewed as the major question pending before entitlement to the policy proceeds of any parties can be adjudicated.

■ The Kentucky Courts have not said that the mere filing of a divorce action and the taking of intermediate steps connotes consideration per se to a property settlement agreement made after the filing of the complaint. However, in Corrigan v. Corrigan, 305 Ky. 695, 205 S.W.2d 495, 498, the Kentucky Court

of Appeals observed: "[w]here the parties are already in separation . . . an alimony or property settlement agreement, if fair on its face, will be upheld in a subsequent divorce action." This is the *McPhail* situation relied upon by Annice Kiser. "But it has been held that, where the sole inducement for entering into the contract is actual or immediately contemplated separation, and if the actual separation ceases or the contemplated one does not occur, the agreement becomes a nullity." Hartley v. Hartley, 305 Ky. 350, 203 S.W.2d 770. Quite clearly, if a property settlement agreement is made to facilitate the procurement of a divorce, without approval of the Court granting the divorce, the efficacy of such an agreement is extinguished when the divorce cause is abandoned for whatever reason. To hold otherwise would be to offend the public policy of the Commonwealth.

But there is the situation which appears to be sanctioned by the public policy of Kentucky involving the making of an agreement settling property rights where the disgruntled married do not necessarily contemplate the filing of a divorce action. As noted in Corrigan v. Corrigan, 205 S.W.2d at 498, "[w]hen the parties made this valid agreement and placed it within the bounds of sound public policy . . . everyone had to understand that there might or might not be any divorce action whatever." "[T]his valid agreement" necessarily suggests an independent consideration. This is the finding which cannot be made on the facts presented in this case, and which were clearly established in the *McPhail* case.

The Motion for Summary Judgment is overruled. This matter will be set for trial in the normal procedure of the Court or reconsidered upon proper motion after additional proof is taken.