Best vs. Sinz.

*By the Court.*— It is so ordered.

BEST, Respondent, vs. SINZ, Appellant.

*December 7 — December 22, 1888.*

*(1) Parties: Joinder. (2) Written contracts: Parol testimony. (3) Evidence: Immaterial error. (4, 5) Instructions to jury: Compensation for collecting money.*

1. Though two have joined in a power of attorney authorizing a third person to collect their respective shares on the distribution of an intestate estate, one may sue alone to recover his share so collected.

2. Parol testimony of a prior contract is not admissible to show that a power of attorney to collect money was in fact an absolute assignment of the claim to be collected.

3. An error in the admission of evidence to prove a fact as to which there was no controversy, is immaterial.

4. An instruction that " the idea that if you appoint an agent who is incompetent he can charge you two or three times the amount of the claim, if he chooses to make such expenses, is not tenable in the law," is not erroneous, there being evidence to which it is applicable.

5. The jury were repeatedly told that the defendant was entitled to reasonable compensation for collecting a claim, and that they must fix the same from all the testimony. The judge remarked that if he had charged ten per cent. this would be about the

amount expended for railroad fares in making the collection. The jury allowed the defendant ten per cent. *Held*, that the hypothetical allusion to that amount was not error prejudicial to the defendant.

APPEAL from the Circuit Court for *Milwaukee* County.

The plaintif was one of four heirs of a brother who died intestate in the state of Indiana. The estate of such deceased brother was settled in the proper court, and the plaintiff's share thereof, awarded to him by the court, was $97.23. Plaintiff and another heir gave the defendant a power of attorney, in the usual form, to collect their respective shares. The instrument is silent as to the compensation the defendant should receive for his services. He collected the money, but refused to pay over to the plaintiff his share thereof. The plaintiff brought this action in a justice's court to recover his share. The case was appealed to the county court, and afterwards the place of trial was changed to the circuit court.

The defendant answered in abatement the non-joinder as party of the heir who joined with the plaintiff in the power of attorney; and also in bar of the action that the contract between the parties in the suit was that the defendant should " keep the plaintiff and the other party so empowering to make said collection free and harmless of any and all expense accruing out of said collection, in consideration of which they waived and ceded any and all of their claim to said inheritance to this defendant. In pursuance of said agreement defendant undertook and went and collected the same at his own expense and time." The defendant answered, further, that his expenses in making the collection, including the value of the time spent therein, greatly exceeded the sum collected.

On the trial the circuit court found against the defendant on the plea in abatement, and also ruled out testimony offered by him to prove the special contract alleged in the

Best vs. Sinz.

answer, that the defendant was to have the whole sum collected by him. The jury were instructed that the plaintiff was entitled to a verdict for the amount collected for him by the defendant, less reasonable compensation for collecting the same. A further statement of the charge will be found in the opinion. The jury allowed the defendant ten per cent. on the amount collected as compensation for his services, and returned a verdict for the plaintiff for the balance of the $97.23, and interest thereon from the date the money was demanded of the defendant by plaintiff's attorney. A motion for a new trial was denied, and judgment rendered for the plaintiff pursuant to the verdict. The defendant appeals from the judgment.

For the appellant there was a brief by *Haring & Frost*, and oral argument by *E. W. Frost*.

For the respondent the cause was submitted on the brief of *J. C. Ludwig*.

LYON, J. I. The plea in abatement was properly overruled. The money sued for was awarded the plaintiff by the order of distribution made by the proper court, and belonged to him in severalty. The other heirs of his deceased brother had no interest in it, and he had no interest in the sums awarded them. It is immaterial that one of them joined with the plaintiff in the power of attorney. This fact only made the defendant the several agent of each to collect his distributive share of the estate, and created no joint interest in the money.

II. The contract alleged in the answer, to the effect that the defendant indemnified the heirs who executed the power of attorney against expenses, and was to retain all he collected, is, in substance and legal effect, an assignment of the claim to him. Had the indemnifying clause been omitted, thus leaving such heirs liable for the expenses of collection, which might exceed the sum collected, or had there

been a failure to collect, there might be some doubt as to whether the alleged contract is anything more than a stipulation for compensation. In such case it might plausibly be said that the heirs retained an interest in having the claim collected at the least possible expense, and to that extent were interested in the claim itself. But the indemnfying clause removes all doubt, for it divests the heirs who are alleged to be parties to it of all interest in the claims, and relieves them from all liability for expenses incurred in their collection. A contract respecting a chose in action which works such a result is an absolute assignment of such chose in action, no matter what may be the form of the contract.

The defendant offered parol testimony on the trial to show that such contract was made by the parties before the power of attorney was executed, and that the instrument was executed pursuant thereto. This was an offer to show by parol that the power of attorney is not what, on its face, it purports to be,— an instrument authorizing the defendant to collect money for the plaintiff, and by necessary implication binding him to pay it over to the plaintiff when collected,— but an absolute assignment to the defendant of the claim to be collected. The court excluded the testimony. The ruling was correct. The proposition was to substitute an entirely different contract for that contained in the power of attorney, by proof of conversations or parol stipulations between the parties occurring before the instrument was executed. The rule is elementary that this cannot properly be done. The authoritative adjudications on the question are all one way.

It is conceded that parol evidence would have been admissible to show what compensation the defendant should be allowed for his services in making the collection; the power of attorney being silent on that subject. Had there been a parol contract fixing his compensation, the defend-

Best vs. Sinz.

ant might have proved it, but it was not claimed that any such contract existed. Testimony was received to show the value of such services, and the jury allowed the defendant compensation *quantum meruit*. But, as we have seen, the contract alleged in the answer is not one for compensation for services, and the rules of evidence on the subject of compensation have no application thereto.

III. An unauthenticated statement of the judge of the Indiana court in which the estate of plaintiff's deceased brother was settled, was offered in evidence by the plaintiff, and received under objection. This evidence was introduced to show the sum distributed to plaintiff as his share of such estate. Clearly the evidence was incompetent. But it was harmless. Probably the answer does not put the amount awarded the plaintiff in issue, and the defendant practically admitted that the sum claimed is correctly stated in the complaint. The claim is $97.23, and he testified that there was due plaintiff out of the estate $96 or $97, which he collected. So there was really no controversy on the subject, and the error in admitting the statement is of no importance.

IV. Two errors are assigned on the charge, to wit: (1) The court said to the jury: "The idea that if you appoint an agent who is incompetent he can charge you two or three times the amount of the claim, if he chooses to make such expenses, is not tenable in the law." We do not discover any bad law in this remark. It was probably called out by the fact that in his original answer the defendant alleged that he had expended in time, labor and money, to collect the sums due the heirs out of their deceased brother's estate, $682. By an amendment he afterwards tolled this sum down to $244. He also gave testimony that he incurred large expenses. Surely this remark of the court was not entirely inapplicable to the case. (2) Speaking on the subject of compensation, the court said: "If he had

charged ten per cent. upon these collections, the amount of the plaintiff's share. would be $9.72, and, the four shares being added together, ten per cent. upon the aggregate would make $38.88, which is about the amount of his railroad fare, as he estimates it himself at eighteen or nineteen dollars each trip. You will have to decide, gentlemen of the jury, upon the evidence, what reasonable compensation he ought to have for the collection of this money." The charge does not lay down any basis for determining such reasonable compensation, and the court was not asked to do so. A mere hypothetical allusion is made to ten per cent. commission, but the jury were not instructed that it was the proper or only basis on which to estimate compensation. On the contrary, by telling the jury that such ten per cent. would only pay defendant's railroad fare, we infer that the judge thought it was scarcely adequate compensation. But, however that may be, the jury were told several times that the defendant was entitled to reasonable compensation, and the whole testimony was before them from which to fix the amount thereof.

These observations dispose of all of the errors alleged for a reversal of the judgment which are deemed worthy of consideration, adversely to the defendant.

*By the Court.*— The judgment of the circuit court is affirmed.