## W. C. WATSON v. CITY OF PHILADELPHIA.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 2 OF PHILADELPHIA COUNTY.

Argued April 7, 1891—Decided May 4, 1891.
[To be reported.]

1. Unliquidated damages, arising ex contractu from any bargain, may be set off under the defalcation act of 1705, 1 Sm. L. 49, in an action upon another and distinct contract, whenever they are capable of liquidation by any known legal standard: Hunt v. Gilmore, 59 Pa. 450.

(*a*) Watson contracted to furnish certain material to the city of Philadelphia, the contract stipulating that it should not be assigned or sub-let. He gave to Elder a power of attorney to demand and receive " all moneys due and owing said Watson on account of said contract," on the faith of which Elder advanced $5,560 to him:

2. The power of attorney did not operate as an assignment of the contract, nor as an equitable assignment of the money payable; wherefore, in an action thereon by Watson to the use of Elder, the city could set off damages arising after the date of the power, from the breach by Watson of another contract: Clement v. Philadelphia, 137 Pa. 328.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and MITCHELL, JJ.

No. 214 January Term 1891, Sup. Ct.; court below, No. 642 December Term 1888, C. P. No. 2.

On January 5, 1889, William C. Watson brought assumpsit against the city of Philadelphia. Subsequently, the record was amended by adding the name of Peter Elder as use-plaintiff, and on December 10, 1890, an agreement was filed, submitting the following case stated:

"1. In April, 1888, after due advertisement, the city of Philadelphia accepted the bid of, and awarded the contract to William C. Watson, to furnish and deliver to the bureau of water, of the department of public works, all clay required to finish the northeast section of the East Park reservoir; and the contract so awarded was duly executed on the thirteenth day of July, 1888, some work having been done prior to the execution of the contract, the date of execution having been delayed pending entry of security by Watson.

Case stated.

"2. The said William C. Watson did, on May 5, 1888, exe-
cute and deliver to Elder, the use-plaintiff, a power of attorney
authorizing and empowering him to ask, demand, recover,
draw, and receive from the city of Philadelphia all moneys due
and owing the said Watson on account of said contract, a copy
of which power of attorney is hereto attached, marked exhibit
B.   Original copies of said power of attorney, executed in du-
plicate, were filed and received in the office of the city con-
troller, and in the office of the bureau of water, on the day of
the execution thereof, May 5, 1888, and the said use plaintiff
did thereupon enter into a contract of even date with the said
Watson to furnish him all the money needed in carrying out
his said contract with the said city, to enable him, Watson, to
obtain the money to perform the work essential to the perform-
ance of the said contract so awarded, and as security for money
so advanced.

"3. On the faith of the said contract between Watson and
the city, and in accordance with his contract with Watson,
Elder advanced to Watson the sum of $5,560, relying upon his
right to collect the money due and to become due to Watson
from the city, on said contract.

"4. By virtue of said power of attorney Elder received war-
rants, one on August 3, 1888, for $2,852.40, and one on Octo-
ber 4, 1888, for $1,500, and collected the money thereon to the
amount of $4,352.40, leaving a balance of $1,207.60 due since
October 25, 1888, on said contract to Watson by the city, for
which the department of public works has refused to issue a
warrant, and which sum the city has refused to pay to said El-
der or Watson.

"5. On the fifth day of July, 1888, Watson entered into a
contract with the city to grade Montgomery Avenue from
Sedgley Avenue to Thirty-third street at his own expense, and
without cost to the city.   Security was duly entered on said
contract for grading Montgomery Avenue, that said Watson
would perform the work in compliance with his contract with
the city.

"6. The said Watson failed to complete his contract to grade
Montgomery Avenue.   The director of public works, after Oc-
tober 25, 1888, 'arranged with D. & P. McNichol to do the
work at the expense of the contractor,' at the same time refus-

ing to pay Watson the balance due, $1,147.60, on account of the contract for clay.

" The city claims to retain the sum of $1,147.60, by reason of Watson's default on the Montgomery Avenue grading contract.

" If the court shall be of the opinion that the defendant can retain said sum against the said Elder, the equitable plaintiff, then judgment to be entered for the defendant; if otherwise, then judgment for the plaintiff for $1,147.60, with interest from October 25, 1888, either party to have the right to refer to the contracts between Watson and the city, or to any ordinances of the city as though set out herein."

Appended to the case stated, as exhibits, were copies of the two contracts between Watson and the city therein mentioned, and a copy of the power of attorney from Watson to Elder. The contract to furnish clay for the reservoir bore date July 13, 1888, naming the city of Philadelphia as the party of the first part, and Watson as the party of the second part, and containing the following clause : " The said party of the second part agrees not to assign, transfer, nor sub-let this contract."

The power of attorney referred to the said contract and proceeded :

" Know all men by these presents, That I, the said William C. Watson, have made, constituted and appointed, and by these presents do make, constitute, and appoint, Peter Elder, of this city, my true and lawful attorney for me and in my name to ask, demand, recover, draw and receive from the said city of Philadelphia all moneys due and owing to me from the said city of Philadelphia for the delivery of the above-mentioned clay ; giving and granting to my said attorney full power and authority to do and perform all and everything to be done in and about said premises as fully to all intents and purposes as I might or could do, hereby ratifying and confirming all that my said attorney shall lawfully do or cause to be done by virtue hereof."

The contract in regard to the grading of Montgomery Avenue bore date July 5, 1888, and therein Watson, in consideration of the sum of one dollar, in hand paid, stipulated to grade a certain part of Montgomery Avenue " at his whole sole expense, and without cost to said city, and complete the same on or before October 5, 1888."

—After argument, the court, without opinion filed, entered judgment on the case stated for the defendant, whereupon the plaintiff took this appeal, specifying that the court erred:

1. In entering judgment for the defendant on the case stated.

2. In not entering judgment for the plaintiff for $1,147.60, with interest from October 25, 1888.

*Mr. H. W. Page* (with him *Mr. S. Davis Page, Mr. Edward P. Allinson* and *Mr. Boies Penrose*), for the appellant:

The use-plaintiff is the assignee of Watson's rights under the original contract. The fact that the assignment was made on May 5, 1888, while the formal contract was not executed until July 13th, is immaterial, as the acceptance of Watson's bid by the city gave rise to a contract vesting in Watson rights capable of assignment. Moreover, work was done before July 13th, under the contract, and the city accepted this work and issued warrants therefor shortly afterwards. The fact that the work was not all completed at the time of the assignment is immaterial: Philadelphia v. Lockhardt, 73 Pa. 211; Philadelphia's App., 86 Pa. 179. Unless, therefore, the set-off allowed by the court below can be sustained, the plaintiff is entitled to recover.

1. The power of attorney, copies of which were filed in the offices of the controller and the water bureau, was notice to the city of the use-plaintiff's interest. The practice of filing similar powers of attorney in the city department has long been permitted in like cases, and would seem to be generally understood, both by the departments and the business public, as importing an assignment. If, then, the filing of the power of attorney was sufficient to affect the city with either actual or constructive notice of the use-plaintiff's interest, it was manifestly improper to allow the defendant to set off against him a claim against the contractor arising from an entirely independent transaction, and acquired by i⁺ months after notice of his rights.

2. But, even if the power of attorney was insufficient to give notice of the assignment, the use-plaintiff cannot be affected by such a claim so acquired: Kountz v. Kirkpatrick, 72 Pa. 376, and cases cited; McMasters v. Wilhelm, 85 Pa. 218; Davis v. Barr, 9 S. & R. 137; Commonwealth v. Councils, 34

Arguments.

Pa. 496; Mifflin Co. N. Bank's App., 98 Pa. 150. The test, in such a case, of the validity of a legal set-off, is not whether the claim was acquired by the debtor before or after notice of the assignment, but whether the set-off arose from a transaction collateral to the chose in action assigned, and subsequent in point of time to the assignment. Clement v. Philadelphia, 137 Pa. 328, is distinguished by the fact that in that case the claim set off accrued before the assignment. In the cases in which a set-off acquired after an assignment has been allowed, the real ground of the decisions has been that the debtor, without notice, has altered his position by buying the claim to use it as a set-off: Rider v. Johnson, 20 Pa. 190. Such a principle has no application to the facts of this case.

3. Neither the contract with Watson for the grading of Montgomery Avenue, nor that with P. & D. McNichol for completing the work, is averred in the case stated to have been awarded to the lowest bidder, after advertisement, as required by § 6, act of May 23, 1874, P. L. 233, and it must therefore be assumed that this was not done: Berks Co. v. Pile, 18 Pa. 497; Phila. etc. R. Co. v. Waterman, 54 Pa. 341; Diehl v. Ihrie, 3 Wh. 143. That act applies to both contracts: Gutta Percha Co. v. Stokely, 11 Phila. 219, and they were both manifestly illegal. The contract with Watson therefore conferred no rights and imposed no duties on either him or the city. The arrangement with P. & D. McNichol imposed no liability on the city, and the payment made to them by it was purely voluntary. Whether the claim attempted to be set off oe considered as arising out of Watson's failure to complete the grading, or out of the voluntary payment to McNichol, the set-off is equally improper.

*Mr. Charles B. McMichael*, Assistant City Solicitor, (with him *Mr. Charles F. Warwick*, City Solicitor), for the appellee:

The case stated assumes the validity of Watson's contracts with the city, and the plaintiff cannot now question it. The only question is, whether Elder has any rights superior to Watson's. It cannot be denied that as against Watson the city could set off the damages arising from his breach of the contract to grade Montgomery Avenue, as unliquidated damages, arising ex contractu from any bargain, may be set off if they are capable of liquidation by any known legal standard.

1. The power of attorney was not an assignment to Elder of Watson's rights under the clay contract, nor was it notice to the city of such an assignment. If there was any assignment, it was made against an express provision in the contract, that it should not be assigned, transferred or sub-let. The instrument, however, is simply a power of attorney to collect moneys " due and owing " for clay delivered. It is not on its face irrevocable, nor is it coupled with an interest, nor does it authorize the attorney to collect moneys which shall become due. Philadelphia v. Lockhardt, 73 Pa. 211, cited by appellant, differs radically from the case at bar.

2. A partial assignment of a claim against a municipal corporation is not binding upon the corporation, and it confers no right that the assignee can enforce : Philadelphia's App., 86 Pa. 179 ; Schroeder's App., 104 Pa. 351. An agreement to pay out of a particular fund is not an equitable assignment: Christman v. Russell, 14 Wall. 70 ; Gibson v. Stone, 43 Barb. 285 ; Rogers v. Hosack, 18 Wend. 319 ; Trist v. Child, 21 Wall. 447 ; Jermyn v. Moffitt, 75 Pa. 399. An order drawn on a general or particular fund for a part of it only, does not amount to an assignment of that part, or give a lien against the drawee unless he consents to the appropriation by an acceptance of the draft: Mandeville v. Welch, 5 Wheat. 277.

3. In the present case, none of the requirements necessary to make an equitable assignment can be found. Watson did not release his control over the fund, as he could at any time have revoked the power of attorney, and at most there was an assignment of only part of the claim, to wit, the moneys due and owing; nor did the city in any way consent to such assignment. Clement v. Philadelphia, 137 Pa. 328, is almost identical with the present case, differing from it in only two particulars : (a) that the power of attorney given by Clement to Josephs was on its face irrevocable, and (b) that Clement was indebted to the city when he entered into the contract there sued on, while Watson's indebtedness arose from the breach of a contract which was concurrent with his contract to furnish clay.

OPINION, MR. CHIEF JUSTICE PAXSON :

This case is free from difficulty. The plaintiff, William C.

Watson, entered into a contract with the city of Philadelphia to supply clay for the East Park reservoir at a price agreed upon. At the same time he entered upon another contract with the city to grade Montgomery Avenue. He defaulted upon the latter contract, and the city seeks to set off, against his claim under the East Park reservoir contract, the damages sustained by reason of his default on the Montgomery Avenue contract.

The right to such set-off would seem to be clear, under the authorities. It was decided in Hunt v. Gilmore, 59 Pa. 450, that unliquidated damages, arising ex contractu from any bargain, may be set off under the defalcation act of 1705, whenever they are capable of liquidation by any known legal standard. This is settled law.

It appears, however, by the case stated, that the plaintiff executed and delivered to Elder, the use-plaintiff, a power of attorney authorizing him to demand and receive from the city of Philadelphia "all moneys due and owing said Watson on account of said contract," (East Park reservoir contract,) and that on the faith of it Elder advanced to Watson the sum of $5,560. This sum was probably advanced by Elder to enable Watson to complete his contract to furnish the clay, although such fact does not appear in the case stated. It was contended that this paper operated as an assignment of the contract, and an equitable assignment of the fund due from the city to Watson. That it was neither is too plain for argument. Watson had no power to assign or sub-let the contract. Such transfer was expressly prohibited by its terms. The power of attorney was a mere authority to receive the money due under the contract at its date. It was doubtless intended to cover all money due and to become due under it, but it does not say so. There was nothing upon its face to convey notice to the city that Elder had any interest in it beyond the collection of the money for his principal. It was not an equitable assignment of the fund; hence the question of notice to the city, and whether it was of the whole or only of a part of it, becomes immaterial, and we need not discuss the cases which hold that a municipality is not bound to recognize an assignment of a part only of a particular fund.

The recent case of Clement v. Philadelphia, 137 Pa. 328, is

directly in point.  Clement, while indebted to the city, entered into a contract with it to do certain work.  He immediately agreed with Josephs to advance him (Clement) the money to complete his contract, and assigned his right to receive the payments as they became due.  Josephs was to deduct his advances and one half of the net profits.  He received some payments, but less than his advances.  In an action by Clement, to the use of Josephs, it was held that the city had a right to set off the balance on account of the original indebtedness of Clement, notwithstanding the assignment.  That case was even stronger than this, for the reason that Josephs held an irrevocable power of attorney to collect the money, while Elder's authority could have been revoked at any time.  Upon all other points the cases are similar.  The fact that in the one case the set-off was for an indebtedness prior to the contract, and in the other an indebtedness for breach of a concurrent contract, is a distinction without a difference.

Judgment affirmed.