The Kensington Electric Company *v.* The City of Philadelphia and Frank M. Riter, Director of the Department of Public Safety, Appellants.

*Mandamus—Remedy at law—Practice.*

A proceeding by mandamus for the enforcement of a claim is not favored where the party instituting it has a remedy in the usual course of law.

*Municipalities— Mandamus—Disputed claim.*

Where an ordinance of a city of the first class gives valuable privileges to an electric light company on condition that the company shall light certain public buildings, and a dispute arises between the city and the company as to what buildings shall be lighted, and the director of public safety refuses to countersign the company's warrants on the ground that it has not furnished light to certain buildings, the remedy of the company is an action at law against the city, and not mandamus against the director of public safety.

*It seems* that where an ordinance gives to an electric light company valuable privileges, and provides that the company shall light all city buildings occupied as police and fire stations within a territory designated, the company may be required to light a new building erected in the vicinity of an old one as a substitute for the old building.

*It seems* that in a city of the first class the director of public safety may, without any special ordinance of councils, withhold payment for materials supplied to his department when the city has a counterclaim against the party furnishing them.

Argued Jan. 21, 1898.  Appeal, No. 369, Jan. T., 1897, by defendants, from order of C. P. No. 4, Phila. Co., Sept. T., 1897, No. 22, entering judgment in favor of relator on petition for mandamus.  Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.  Reversed.

Petition for mandamus.

From the record it appeared that on October 22, 1896, a petition was filed by the Kensington Electric Company as relator, for a writ of alternative mandamus upon the city of Philadelphia, and Frank M. Riter, director of the department of public safety, commanding the latter to forthwith affix his signature to four warrants in favor of the Kensington Electric Company, for the respective amounts of $2,926.70, $3,025.95, $3,026.80 and $2,922.85, for public lighting done by said Kensington Electric Company for the respective months of June, July, August and September, 1896, and that he forthwith deliver the same to the controller of said city for counter-signature; and that he further deliver forthwith to the said Kensington Electric Company proper orders upon said controller for the said four warrants, in accordance with the rules and usual regulations of the said department of public safety.

The facts appear by the opinion of the Supreme Court.

The relator filed a demurrer and plea.  The case was argued upon the demurrer to the return, and judgment was entered in favor of the relator, and a writ of peremptory mandamus was awarded against the director.

*Error assigned* was the order of the court.

*James Alcorn*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellant.—The respondents submit that the director of the department of public safety cannot be compelled by a mandamus to draw and sign a warrant in favor of the relator when there is sufficient remedy at law by an action for the amount due: Com. v. Rossiter, 2 Binney, 360; Com. v.

Cochran, 5 Binney, 87; Com. v. Commissioners of Allegheny County, 16 S. & R. 317; Com. v. Canal Commissioners, 2 P. & W. 518; Com. v. Thompson, 86 Pa. 443; Com. v. Thomas, 163 Pa. 446.

Damages due, whether liquidated or unliquidated, where the same are capable of liquidation by any known standard, may be set off against the claim, though they arise out of an entirely different contract: Clement v. Philadelphia, 137 Pa. 328; Hunt v. Gilmore, 59 Pa. 450; Watson v. Philadelphia, 142 Pa. 185; Nickols v. Jones, 166 Pa. 599; Phillips v. Lawrence, 6 W. & S. 150.

*John G. Johnson*, with him *Frank S. Christian*, for appellee. —It was the duty of the director of public safety to sign warrants for all approved bills for electric lighting furnished by the appellee under the ordinance of 1896, and the contract made in pursuance thereof: Brightly's Digest of Ordinances, 383.

Mandamus was the proper remedy to compel the performance of the duty incumbent upon the director of public safety: High on Extraordinary Legal Remedies (2d ed.), secs. 348–351.

A supposed default by the appellee under the ordinance of 1892 did not justify the refusal by the director of public safety to sign warrants for electric lighting furnished under the contract of March, 1896.

There was no default by the appellee in the performance of the obligations imposed upon it by the ordinance of 1892: Jones on the Construction of Contracts, sec. 200; Lacy v. Green, 84 Pa. 514; Meigs v. Lewis, 164 Pa. 597; Case v. Cushman, 3 W. & S. 544; Bickford v. Cooper, 41 Pa. 142; Coghlan v. Stetson, 19 Fed. Rep. 727; Remington v. Irwin, 14 Pa. 143; Sylvester v. Born, 132 Pa. 467; Real Est. Title, etc., Co.'s App., 125 Pa. 549.

OPINION BY MR. JUSTICE McCOLLUM, October 17, 1898:

The Kensington Electric Company has a contract with the city of Philadelphia for lighting the streets in the territory defined therein. It has claims against the city in the form of monthly bills for work done under the contract in June, July, August and September, 1896, and it alleges that the director of the department of public safety refuses to make the indorsements

and orders necessary to enable it to obtain warrants for them. The refusal is admitted and the grounds of it will be hereinafter stated. By an ordinance of councils approved by the mayor on the 1st of December, 1892, the company is required to wire and furnish the lamps, and light all city buildings occupied as police and fire stations within said territory, in the vicinity of its overhead and underground electrical conductors, free of charge to the city. This requirement is one of several conditions in the ordinance on which the city authorized the company to occupy certain streets in said territory for the purposes of, and in the manner described, in said ordinance. There were then three city buildings in said territory occupied as police and fire stations. The company, in compliance with the requirement of the ordinance and notice from the city, has lighted, and continues to light, one of the buildings occupied as a police station. It did not light the building occupied as a fire station until November 16, 1896, after the commencement of the proceedings before us on appeal. The company never lighted the other building occupied as a police station, because the city was about to erect, and in the early part of 1896 did erect, a new building in the vicinity of and as a substitute for it. The city notified the company to wire and light the new building, but the latter refused, and still refuses, to do so, on the ground that the requirement of the ordinance in this particular is applicable only to such city buildings as were occupied as police and fire stations at the time of its passage. To this view or construction of the ordinance the city does not assent. It is not difficult to see that the adoption of this construction might result in an early release of the company from the obligation imposed by the requirement in question. To cease to occupy the buildings as police or fire stations would effect a release, and so would a destruction of them by fire, if the construction contended for is to prevail. This construction however seems to be opposed to the letter and spirit of the ordinance which concedes to the company important and valuable privileges and requires from it among other things as compensation for the concession, the erection and maintenance at its own cost of ten all night arc lights along the lines of its electrical conductors, at such places as shall be designated by the department of public works, and the wiring and lighting of all city buildings occupied as police or fire stations.

It will be noticed that while there is a plain limit to the number of arc lights to be erected and maintained by the company without cost to the city there is none to the number of city buildings occupied as aforesaid, to be wired and lighted by and at the expense of the company. The city claims that all its buildings occupied as police and fire stations within the territory defined by the ordinance are to be so wired and lighted. There is therefore a clear dispute or disagreement between the company and the city respecting the construction of the ordinance, and if the contention of the city is sustained the company must be held responsible for the loss or damage arising from its refusal to comply with the requirement of the ordinance in respect to wiring and lighting the city buildings occupied as police and fire stations. The city may bring a suit to recover the damage or, in an action by the company on its claim for wiring and lighting done under the contract, the city may set off the damage: Hunt v. Gilmore, 59 Pa. 450; Clement v. Philadelphia, 137 Pa. 328; Watson v. Philadelphia, 142 Pa. 185. The company admits that it is within the power of the city to authorize the director of public safety to withhold payment for materials supplied to his department when the city has a claim against the party who furnished them, and that in such case the remedy of the latter is by suit against the city to enforce his claim. The company alleges however that this power can only be exercised by ordinance, and that in the absence of it the director must approve the claim and sign a warrant for it, although he has knowledge of the counterclaim and notice from the city not to do so. This is, to say the least of it, a very technical objection to the action of the director in refusing to comply with the company's demand, and it is clearly without merit. We cannot concede to it the force or effect that is claimed for it, nor can we assent to the proposition that the refusal of the director to sign a warrant for the company's claim was, under the circumstances, a breach of his duty.

A proceeding by mandamus for the enforcement of a claim is not favored where the party instituting it has a remedy in the usual course of law. The institution of it in this case was not necessary for the protection of the rights of the company against the city, and the tendency of it was to prolong the dispute between the parties and to increase the litigation and expense

connected therewith. The company instead of entering upon the proceedings before us should have brought a suit against the city upon, and to recover, its claim, in which suit the dispute between them would have been determined within a reasonable time in accordance with the law and the facts applicable to it.

The judgment is reversed, the petition for a writ of mandamus is dismissed, and all proceedings thereunder are set aside.