J. A. BLONDEL, Appellant, v. M. P. OHLMAN, Appellee.

**Judgments:** ACTION UPON: WHO MAY SUE. One who accepts a
1   power of attorney under an agreement to prosecute a claim to
    judgment at his own expense, saving his principal harmless
    therefrom, and to receive as compensation a definite share of
    the profits of the litigation, becomes vested with an interest in
    the cause of action and the judgment entered thereon and may
    recover the costs taxed in the action by a suit on the judgment
    therefor in his own name.

**Effect of special appearance.** The appearance of a defendant to re-
2   sist an interlocutory order confers jurisdiction to enter final
    judgment in the case.

*Appeal from Woodbury District Court.*— HONS. GEORGE W. WAKEFIELD AND J. L. KENNEDY, Judges.

MONDAY, NOVEMBER 19, 1906.

ACTION to recover upon a judgment rendered for costs by the Circuit Court of the United States for the District of Nebraska. From judgment for defendant upon a directed verdict, the plaintiff appeals.— *Reversed.*

*Gardiner & Lohr,* for appellant.

*Sullivan & Griffin* and *French & Orvis,* for appellee.

WEAVER, J.— In April, 1905, one Levi Grezaud and others began an action in equity in the Circuit Court of the United States in the District of Nebraska against John M. Severson, John Kelner, and M. P. Ohlman, to quiet the

title of said plaintiffs to a certain tract of land against the claims of the defendants. They alleged that they were the owners of the land in fee simple, having obtained it by descent from one John B. Arteaux, who died seised of said land, and of whom they were the only heirs. They further alleged that the defendant Severson had set up a fraudulent claim of title to said land, under a forged deed purporting to have been executed by Arteaux in his lifetime, and had conveyed said pretended title to Kelner, who convyed it to Ohlman, both of said grantees having notice of the fraudulent character of their title, and these conveyances plaintiff asked to be adjudged void and of no effect. The defendants were all served with summons or subpœna in said action, but the service upon Ohlman (who is the defendant herein) was made in the State of South Dakota. Counsel appeared in the case for all the defendants. A separate answer was filed in behalf of Ohlman claiming title under the deed to him. The other defendants also took issue on the plaintiff's bill. Upon trial on the merits of the issues joined, said Circuit Court found for the plaintiff that the alleged conveyance by their ancestor to Severson was a forgery, and quieted the title in them against all of the defendants. The defendants were also adjudged to pay the taxable costs, the items of which aggregated $462.03.

The plaintiff brings the present action upon a transcript of said judgment, which he alleges to be unpaid, and of which he claims to be the owner. The defendant alleges in answer that the personal judgment against him is void and of no effect for the reason that the service of summons upon him was not made within the District of Nebraska, where the action was pending, and that he did not appear in said action or authorize any one to appear in his behalf. Wherefore he alleges said court was without jurisdiction to render such judgment. He also denies the plaintiff's ownership of said judgment, and further alleges that under the

statutes of Nebraska no action will lie upon such a judgment after five years from the date of its rendition without an order of reviver, which has not been had in this instance. At the close of the testimony the defendant moved for a directed verdict in his favor on the ground (1) that it was shown without substantial dispute that the Circuit Court of the United States for the District of Nebraska had no jurisdiction to enter the judgment sued upon; and (2) that plaintiff had not shown himself the owner of said judgment, and was, therefore, not entitled to maintain the action. The trial court sustained the motion on the first ground herein mentioned, and directed a verdict for the defendant.

I. Although the trial court planted its ruling upon the alleged invalidity of the judgment because the federal court which rendered it had no jurisdiction of the person of the defendant, appellee insists in argument that,

**1. JUDGMENTS:**
  **action upon:**
  **who may sue.**

even if the ground so stated is not tenable, yet it does appear that appellant failed to show his own title to the judgment or claim sued upon, and must therefore be denied recovery. It appears in evidence that the plaintiffs in the original action were citizens and residents of France and had little, if any, knowledge concerning their rights in the land then in controversy. Blondel, the plaintiff herein, apparently had some acquaintance with the status of the title, and, believing that said plaintiff's right thereto could be established, took from them a written contract, the translation of which in the record is somewhat awkwardly expressed but is to the plain effect that Blondel should have the charge and management of the plaintiff's interests in the controversy, and should assume, at his own charge and personal responsibility, to pay all costs and expenses which might be incurred in clearing and settling the title. It was further agreed that, in case he was successful in establishing the title in plaintiffs, he was to receive one-half the proceeds of the sale of said land, but, in the event of failure in the litigation, he was to

receive nothing for his services or expenses. In aid of the purposes expressed in this contract the plaintiffs in said action also executed and delivered to Blondel a power of attorney, authorizing him to take whatever steps he might deem necessary to establish and confirm their rights in the land. The result of the suit thus instituted was, as we have already said, to settle the title in said plaintiffs, and the rendition of a judgment therein for costs, the items of which are as follows:

| | |
|---|---:|
| Clerk | $ 64 05 |
| Clerk, additional | 1 92 |
| Marshal | 15 92 |
| Attorney Doc. fee | 20 00 |
| Attorney on depositions | 110 00 |
| Depositions of plaintiff | 161 54 |
| Depositions of defendants | 64 75 |
| Witness fee paid by plaintiff | 18 60 |
| Sheriff fee paid by plaintiff | 5 25 |
| | $462 03 |

Of this sum the transcript shows there was advanced by or in behalf of said plaintiffs items amounting to $225.64, leaving unpaid of record the following:

| | |
|---|---:|
| Attorney's docket fee due complainants | $ 20 00 |
| Attorney's fee on depositions due complainants | 110 00 |
| Costs to Marshal | 4 12 |
| Costs due on depositions for complainants | 37 52 |

In addition to the written and record evidence, Blondel testifies that, after the execution of the written contract above mentioned, he and the plaintiffs in said cause talked over their negotiations with respect to said business, and it was again agreed between them that he should assume all

responsibility for the costs of the case and personally advance and pay whatever was necessary for that purpose and should have and receive whatever was recovered against the defendants on such account. He further shows that all the costs paid or advanced in the name, or on behalf, of said plaintiffs were in fact paid and advanced by him. He also exhibits a paper executed by the attorneys of record for the plaintiffs in said action, assigning to him the items of attorney's docket fee, $20, and attorney's fee on depositions, $110. We have then the question whether the record makes such a showing of ownership in appellant that he was entitled to have his claim submitted to the jury, or possibly to have an instruction to the jury that such ownership was conclusively established. In our judgment the inquiry must be answered in the affirmative. The clear tenor and effect of the written contract and power of attorney was to vest in him the authority to manage and control the litigation, and placed upon him the obligation to relieve his principals from all liability for the attendant expenses. These terms the evidence tends to show appellant kept and did advance a considerable sum to meet costs and expenses represented by items of the taxed costs. It would be preposterous to suppose that appellant undertook this obligation and paid the money out of his own pocket with the understanding that, upon a successful issue and the collection of these sums from the opposing party, the moneys thus returned should become the property of the plaintiffs, who had carefully and explicitly stipulated against having anything whatever to do with respect to such expenses. On the other hand, as we read the contract it is not only expressly provided that appellee should protect the plaintiffs in said action from personal loss or liability, but it is also as clearly implied that a collection or return of such moneys paid out by appellant or for which he had become liable should inure to his benefit and not to the plaintiffs. A power of attorney where the attorney, for a consideration paid or

promised, obtains an interest in the subject-matter of the power and indemnifies the principal against liability for costs and expenses in connection therewith is irrevocable, and operates as an assignment by such principal to the attorney. *Best v. Sinz,* 73 Wis. 243 (41 N. W. 169); *People v. Tioga C. P.,* 19 Wend. (N. Y.) 73; *In re Keys,* 137 Pa. 565 (20 Atl. 710, 21 Am. St. Rep. 896); *Watson v. City of Philadelphia,* 142 Pa. 179 (21 Atl. 815); *Berge v. Bennett,* 1 Caines, Cas. 15 (2 Am. Dec. 281); *Baker v. Baird,* 79 Mich. 255 (44 N. W. 604); *Bromley v. Holland,* 7 Vesey, 28.

It cannot be doubted, therefore, that when Blondel accepted the power of attorney under an agreement by which he was to prosecute the claim to a conclusion at his own personal cost and expense, saving his principals entirely harmless therefrom, and was to receive a definite share of the fruits of the litigation, he thereby became vested with an interest in the cause of action and in the judgment or decree entered thereon which his principals could not be heard to deny, and if that interest may be insisted upon and asserted against them, then assuredly it may be asserted and enforced against the parties defendant in that controversy. Whether the interest thus assigned to and acquired by the holder of the power of attorney is one cognizable at law or is properly the subject of equitable consideration is not here a matter of moment. No objection was raised to the form of action on the trial below, and, if the petition discloses and the evidence tends to sustain a right in the appellant to claim and recover the costs taxed in that litigation, and such is our view of the record, then the issue was improperly withdrawn from the jury. Code, section 3432. The costs had in a large part been personally advanced by the appellee, and he had become personally responsible for all of them. The plaintiffs in that action had carefully fenced against liability therefor on their own part. As between them and their attorney in fact they had no right to any part or

portion of the items taxed and when the case was closed and the liability of the defendants to pay these costs was fixed, he became equitably if not legally, entitled to demand and receive payment thereof.

II. We have next to inquire if the showing of want of jurisdiction in the federal court to render the judgment sued upon is such as to uphold the ruling directing a verdict

2. EFFECT OF SPECIAL APPEARANCE.

for the defendant. It is not denied that he was duly served with notice of the pending action, but, as it is also conceded that such service was made in South Dakota, the court did not thereby acquire jurisdiction to render a personal judgment against him unless he personally or by counsel appeared to said action. He denies such appearance either in person or by authorized counsel, but, notwithstanding his denial, the record shows abundant evidence on which the jury would have been justified in finding for the plaintiff on this question. It is true, appellee swears that he never appeared in the case, nor employed or authorized counsel to appear for him, nor authorized any one else to employ counsel to represent him, and he is to some extent corroborated by the testimony of one of the four solicitors, who appear of record as representing him with the other defendants in that litigation. This witness testifies that he received no direct authority to appear for appellee, but did so on the strength of the statement of another defendant, Severson, who represented that appellee desired to make defense by said counsel. None of the other gentlemen who were of counsel for the defense in that proceeding were examined as witnesses. Some force must be allowed to the presumption of regularity which attaches to the judgment of a court of competent jurisdiction, and especially when it is shown that counsel appeared and persistently contested the action in the name of the party now denying the validity of the judgment. Without stopping to consider whether that presumption alone is sufficient to require the submis-

sion of the question to a jury where the party explicitly denies the authority of counsel to enter an appearance, it must certainly be true that, when such presumption is aided, and strengthened by facts, and circumstances, which tend to impeach the credibility of the witness or break the force of his denial, the determination of the question thus raised is for the jury and not for the court. As to the facts in this case, it not only appears that the appearance was by counsel acting ostensibly for the appellee, as we have stated, but a separate answer was filed in his name, alleging him to be the absolute owner of the land, and asking a decree establishing such right. Later, upon an order being entered by the court requiring defendants to produce the deed alleged to have been made by Arteaux to Severson, an answer was filed for all the defendants, denying possession of the deed or ability to produce it, and the answer was supported by an affidavit made by appellee, and sworn to before his counsel, Mr. Sullivan, in which he described himself as one of the defendants in that action, and denied having possession of the deed or any knowledge where it could be found. Again, during the pendency of said action, and for some purpose connected therewith (apparently in resistance to an application for a receiver, appellee made another affidavit in which he again speaks of himself as one of the defendants, and swears that he is owner of the land in controversy by conveyance from his codefendant, Kelner, and had leased the same, for the year then current, to suitable tenants. Still again, and for the third time, he makes an affidavit entitling it in said action, saying that he is one of the defendants therein, and repeats with some elaboration the matters stated in the last preceding affidavit. All these affidavits were filed in said cause. On the trial of the present case these papers were first disclosed after appellee had denied ever appearing to the original action, and averring that, although he had been served with notice of the action, he "never did a thing in regard to it," and never knew that any one had

appeared in his behalf until the present action was begun. He further said he never owned the land, never claimed to own it, never saw it, and didn't know where it was. On being confronted with his affidavits and asked to explain them consistently with his testimony he failed to do it, simply saying that he had forgotten the circumstances under which he made them. In the face of this record we think the jury would have been justified in finding that the testimony of a witness with such treacherous memory was not sufficient to overcome the presumption of jurisdiction in the court rendering the judgment against him. If an action is pending against a party, and an order is entered therein requiring him to produce certain documents alleged to be in his possession, and he comes into court and makes response to such demand, and, when application is made for appointment of a receiver or for the entry of some other interlocutory order, he appears again and resists it each time, filing in the proceedings papers in which he describes himself as a defendant, it seems idle to argue that, when final judgment has been entered, he may deny the jurisdiction of the court to render it. According to the long-established rule in this State and the modern rule in most states a defendant may not make a special appearance to resist an interlocutory order or ruling, and then say he is not in court for the purposes of a judgment on the merits. The justice and propriety of such a rule is especially apparent in a case like this where the defendant admittedly makes his so-called special appearance or resistance by the very counsel whose authority to represent him he now flatly denies.

For the reasons indicated there was error in directing a verdict for the defendant, and the judgment of the district court is *reversed.*