GRAF, Respondent, vs. SEYMOUR STATE BANK and others, Appellants.

*March 3—March 31, 1936.*

For the appellants there was a brief by *Adolph P. Lehner* and *Lehner & Lehner,* all of Oconto Falls, and oral argument by *Adolph P. Lehner.*

For the respondent the cause was submitted on the brief of *John A. Lonsdorf* of Appleton.

MARTIN, J. The gist of the action as alleged in the complaint herein is that defendants, having received from plaintiff the sum of $3,700 to invest in a real-estate mortgage or mortgages, did in fact lend it, with $900 additional received from Michael Wleczik, Emma Brockman, and Margaret Ness, to one Anton Jommen, taking as security therefor a

real-estate mortgage on Jommen's eighty-acre farm located in the town of Lessor in Shawano county, said mortgage being taken in the name of the defendant bank. That the bank thereupon executed and delivered to the plaintiff a certain assignment or trust note evidencing her interest in the $4,600 mortgage loan; also executed and delivered a like assignment or trust note evidencing the interest of Michael Wleczik and of Emma Brockman and Margaret Ness. That thereafter Jommen sold a one-acre tract of his farm on which his dwelling house was located to one Erickson for the sum of $800, which sum, it is alleged, was paid to the defendants. That the bank, through its president and cashier, executed a partial satisfaction of the $4,600 mortgage as to the one acre sold and conveyed to Erickson. That thereafter the bank foreclosed the mortgage as to the remaining seventy-nine acres, and the judgment of foreclosure was entered in the circuit court branch of the county court of Shawano county on August 6, 1933. That the mortgagor, Jommen, secured a federal farm loan in the sum of $4,400. That after payment of the costs of foreclosure, taxes, and repairs required by the Federal Farm Bank to be made, and other expenses incurred, there was paid to the plaintiff the sum of $2,500, to Michael Wleczik $360, and to Emma Brockman and Margaret Ness $180 as the clear, net proceeds of their respective investments in the $4,600 Jommen mortgage.

The complaint alleges: "That plaintiff first discovered the aforesaid sale of said acre of land and the diversion of said funds after said Jommen had applied for said loan, and the government agents had offered a settlement to the plaintiff; that the plaintiff promptly notified defendant of plaintiff's intention to hold defendant liable for losses and demanded payment over of said $800, which defendant refused and still refuses to do."

Plaintiff contends that she is entitled to thirty-seven forty-sixths of the $800 for which it is alleged defendants have failed to account. It is alleged that, when defendant bank,

through its president and cashier, invested the plaintiff's $3,700 in the Jommen mortgage, as trustee, through its officials, it executed its trust note to the plaintiff in the sum of $3,700. No citation of authorities is required to the elementary proposition of law that on a demurrer to the complaint the allegations thereof are taken as true. Here there is an allegation that the defendants, wrongfully and in violation of their trust, have failed to account to the plaintiff for the $800 received as the proceeds of the sale of the one-acre tract of land with the dwelling house thereon. There can be no doubt as to the plaintiff's right to such accounting, and if it be true that the defendants, or any of them, have appropriated said sum to their own use or paid it to any person or persons not legally entitled thereto, plaintiff is clearly entitled to thirty-seven forty-sixths of said amount, with interest thereon from the date defendants received it. We must hold that the complaint does state a cause of action and that the defendants' demurrer in that respect was properly overruled.

As to the second ground of the defendants' demurrer that there is a defect of parties plaintiff in that Michael Wleczik, Emma Brockman, and Margaret Ness are necessary parties plaintiff: On the facts to which reference has been made, plaintiff has her individual right of action, though we consider the item of $800 as a trust fund belonging to the plaintiff, Michael Wleczik, Emma Brockman, and Margaret Ness, and she is entitled to her share of such trust fund. In *Hubbard v. Burrell*, 41 Wis. 365, 372, the court said:

"The general rule doubtless is, that in suits respecting the trust property, brought either by or against the trustees, the *cestuis que trust* as well as the trustees are necessary parties; but there are exceptions to this rule. Thus, for example, if each party is entitled to an aliquot part, such as a quarter or a half of an ascertained and definite trust fund, in such a case he may sue for his own portion thereof without making the other *cestuis que trust* (or beneficiaries) parties, for there is no community of property, or other matter, in virtue of which they have, or can have, any interest in the suit or subject of the suit.'"

See *Best v. Sinz,* 73 Wis. 243, 245, 41 N. W. 169; *Taylor v. Coon,* 79 Wis. 76, 81, 48 N. W. 123; *Disbrow v. Creamery Package Mfg. Co.* 104 Minn. 17, 115 N. W. 751. In the case at bar, under the facts pleaded, the part of the $800 which plaintiff is entitled to receive is definitely ascertained, and there is no reason why she should not have a separate right of action for its recovery. If defendants deem Michael Wleczik, Emma Brockman, and Margaret Ness proper parties to this action, they may apply to the trial court to have such parties interpleaded under sec. 260.19, Stats. However, that question is not here for consideration.

*By the Court.*—Order affirmed.