ELIZABETH HOWE *v.* LISBON SAVINGS BANK & TRUST CO.
ET ALS.

November Term, 1942.

Present: SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ. and
HUGHES, SUPR. J.
Opinion filed January 5, 1943.

*Joseph A. McNamara* for the plaintiff.

*Matthew G. Leary* and *Guy M. Page* for the defendants.

SHERBURNE, J. This is the second time this case has been here. See 111 Vt 201, 14 A 2d 3. It came here before upon exceptions to the granting of defendants' motions to dismiss because of defects in the writ. There was a reversal and the cause was remanded. It was there determined that the defendants' motions were based upon abatable matter, and that they must be placed in Class IV of dilatory pleas, and not in class I which relates to the jurisdiction of the court. It was there contended by the plaintiff that those defendants who had entered specially only had by their conduct made such appearances become general. This question was briefed by both plaintiff and defendants and thus presented for consideration, and it was held that such defendants were before the court upon their special appearances. After remand the plaintiff filed a motion amending motions filed before the lower court had acted upon defendants' motions to dismiss, and renewing a motion to amend the writ which had also been filed before the motions to dismiss had been acted upon. In her new motion the plaintiff asks the court to decide that the motions of the defendants who had only appeared specially constitute a general appearance by each of them because "each ground of those motions is that the court has no jurisdiction of the subject matter of" the "action and that the action be dismissed." After hearing thereon the court allowed the amendments to the former motions, but denied *pro forma* the new motion that the motions of the defendants constitute a general appearance, subject to plaintiff's exception, and postponed decision upon the proposed amendment of the writ.

Passing over the question as to whether the plaintiff is entitled

to present this question after what was held when the case was here before, we are unwilling to depart from our former holding. For the reasons stated in our former opinion this ground of the new motion was properly denied.

At the hearing on, and before discussion of, plaintiff's motion, defendants' attorneys in behalf of the seven defendants upon whom process had not been served, but who had appeared specially for the purpose of moving to dismiss the action against them for such want of service and had later appeared specially for joining in the motions to dismiss for defects in the writ, delivered a brief to the court in which these defendants insisted, among other things, that the plaintiff should be allowed to amend her writ, if at all, only upon condition that she stipulate that these defendants be permitted to thereafter file motions to dismiss for lack of service. When the motion came on for hearing there was a lengthy discussion as to which matters therein should first be taken up, it being insisted by the defendants that the court must act upon the part of the motion relative to amending the writ before acting upon the part relating to the appearances, and that after the writ had been perfected they should be permitted to file motions to dismiss for lack of service. At plaintiff's suggestion, however, the court decided to act upon the part relating to appearances and defer acting upon the proposed amendment to the writ. When this decision had been reached plaintiff's attorney, Mr. McNamara, said:

> "If the Court pleases, we do not consent, nor is it a matter of stipulation, but we will advise the Court the plaintiff will not object to a judgment *pro forma* for the defendant. However, in advance of any judgment order we would like to call the Court's attention to the fact that in the type of brief, copy of which was handed to the Court and to the plaintiff by the defendants, and in the oral argument of brother Page, he has asked for terms as a condition to the Court taking action under some of the motions pending. We now say and we would request a finding from the Court that terms were asked by the defendants as applied to the seven defendants who were not served with the process. In view of that we say that the asking of terms has now made these seven defendants active participants in this case and that that asking of terms of itself con-

stitutes a general appearance, and we would like a finding of fact by the Court that in both the brief and in the oral argument the defendants did ask for terms, in this matter now pending, as a further entry of general appearance. We would like that finding of fact."

Whereupon Mr. Page, defendants' attorney, said:

"If the Court please, the record will show what was said; the Court will bear in mind that the thing that was under discussion in this record was whether or not the plaintiff's motion to make our appearance general should be granted, and that we gave notice that a proposed amendment to that motion would bear upon the position that we were going to take when, as and if the Court reached the matter of the amendment of the writ. Now I think when the record is written out the Court will see that that was the tenor of the discussion, and it certainly would not justify a finding such as the plaintiff suggests. However, what was said is properly a matter of record and the conclusion is one of law which the Supreme Court can draw."

Mr. McNamara then replied: "We simply want to request the finding."

Later the court said: "We find as a fact what the record shows and what was presented in the brief, of course, as far as any request for terms are concerned."

The plaintiff contends that her attorney's remark constituted a motion that the court should find that defendants' brief and the remarks of their attorneys relative to terms as a condition of allowing the amendment to the writ, to the effect that amendment should be permitted only upon condition that the plaintiff should stipulate that the seven defendants upon whom process had not been served be permitted thereafter to file motions to dismiss for lack of service, should constitute a general appearance. The defendants argue that the plaintiff's exception does not challenge any adverse ruling and is too indefinite for consideration. Except for what transpired after the quoted remarks of Mr. McNamara we should be inclined to so hold, but subsequent statements of the court make it clear that it interpreted these remarks in the sense that the plaintiff here contends. The court ruled that "the request made by McNamara in the record in regard to such request of Mr. Page for terms as

the record discloses and as his brief discloses, and as the record discloses the court has found, is denied *pro forma* and the plaintiff has exceptions." Immediately after this ruling the court was asked if it treated the remarks of Mr. McNamara as to terms as a motion, and it replied that it did. In its judgment order it states substantially the same as in the above quoted ruling: "The motion of attorney for the plaintiff, Joseph A. McNamara, Esq., made in court at this hearing, as disclosed by the reporter's transcript of the hearing in regard to such request as that transcript discloses and that the court has found were made by Mr. Page in connection with terms is denied *pro forma*. The plaintiff has exceptions." In the second following paragraph in this order, it names defendants' attorneys and states that they "were present in court and took such part in the proceedings as appears by the reporter's minutes and the transcript thereof, when made, and a brief by them delivered to the court on hearing and before discussion." The foregoing shows conclusively that the court was willing to find what the defendants' brief and their attorneys said about terms and that the exception allowed was for failure to determine that the effect of such statements was to make the appearances general.

■■ In view of the limited scope of the hearing the remarks of attorneys about terms may possibly be said to be only incidental but the brief cannot be so treated. That was handed to the court before any discussion of plaintiff's motion, which, as we have seen, renewed a former motion to amend the writ so as to cure the defects pointed out in defendants' motions to dismiss. This brief was plainly put in for the purpose of persuading the court not to allow the amendment of the writ unless the plaintiff would stipulate that the defendants upon whom process had not been served be permitted to thereafter file motions to dismiss for lack of service. Whether or not the court had any authority to impose such terms, see *Wade* v. *Wade's Admr.*, 81 Vt 275, 280, 281, 69 A 826, the defendants became actors in the cause when they filed their brief objecting to the granting of plaintiff's motion to amend except upon terms. A defendant may not resist an interlocutory order or ruling, and then say he is not in the court for the purpose of a judgment upon the merits. *Blondel* v. *Ohlman,* 132 Iowa 257, 109 NW 806. Thus in *Inter-Ocean Casualty Co.* v. *Liles,* 218 Ala. 179, 118 So 328, the plaintiff asked leave to amend his complaint by averring that the defendant was a corporation. By objecting to the

amendment the defendant was held to have made a general appearance. The defendants were seeking from the court a favorable ruling upon a matter within the cause, not merely collateral thereto. *Noyes* v. *Noyes,* 110 Vt 511, 518, 9 A 2d 123; *Andrew* v. *Buck, Apt.,* 97 Vt 454, 458, 124 A 74. The result is that the defendants are now in court upon a general appearance and the lower court should have so ruled.

*The order in so far as it denies the oral motion of the plaintiff that defendants Hoskins, Hallet, Long, McCarten, Harry A. Ronan, Piper and Willard, are in court upon a general appearance is reversed, and the motion is granted. In all other respects the order is affirmed, and the cause is remanded.*